S. W. CROMER et al. v. C. C. SELF.

(Filed 19 November, 1908).

**Exemptions — Fugitive From Justice — Evidence — Animus Rever-tendi.**

:    One who is a fugitive from justice, though leaving his family here, who cannot be found in the State and whose whereabouts are unknown, and the object of whose absence is to avoid serving a criminal sentence imposed by our Courts, is not a resident of the State within the meaning of Art. 10, sec. 1, of our Constitution, and not entitled to his exemptions here in the absence of evidence or finding on the question of his *animus revertendi.*

ACTION heard on appeal from a Justice of the Peace by *Jones, J.,* upon facts agreed, September Term, 1908, of FORSYTH.

The plaintiffs as creditors of the defendant sued out writs of attachment, which were levied upon personal property belonging to the defendant in the city of Winston, under five hundred dollars in value.

There were several causes of a like nature pending which were consolidated with this. The defendant, through his attorney, moved to vacate the attachments upon the ground that he was not a non-resident, and that he was entitled to his personal property exemption.

Defendant appealed.

*Watson, Buxton & Watson* for plaintiffs.
*Louis M. Swink* for defendant.

BROWN, J. On appeal to this Court the defendant as-
signed error as follows:

1. That his Honor erred, in that he failed to dismiss the
warrant of attachment, issued in this cause, on the ground
that the defendant, at the time of issuing the said warrant,
was not a non-resident, and that the property was not subject
to attachment.

2. For that his Honor erred in holding that the defendant
was not entitled to his personal property exemptions of $500
out of the property attached.

It appears from the facts agreed that the defendant had
been a resident of the State of North Carolina all his life up
to the date of his leaving, and was a merchant in the city
of Winston, N. C., for many years; that at July Term, 1907,
of the Superior Court of Forsyth County, he was convicted
of fornication and adultery and sentenced to twelve months
on the county roads and, at the same term of court, an indict-
ment was returned by the grand jury for larceny; that imme-
diately after the term of court in which the defendant was
convicted and said indictment was found, defendant offered
to sell his property to Cromer Bros. Co., stating that he
would have to leave the State; that immediately thereafter
defendant fled the State to avoid the consequences of sen-
tence and indictment, and was absent at the time the war-
rants of attachment were issued, and is now absent, and his
whereabouts is unknown; that the summons in each of these
actions was returned by the constable, endorsed "not to be
found in Forsyth County"; that the defendant's wife and
children are now living in Winston, N. C., and have been
living in said city all the time; that prior to the sale the de-
fendant Self, through his counsel, demanded his personal
property exemptions out of the property levied on, but the
constable refused to allot same, but sold all the property,
contending that the defendant was not entitled to personal
property exemptions, but was a non-resident of the State.

The only question presented by the assignments of error relates to the status of the defendant. Upon the facts agreed is he, within the spirit and meaning of the Constitution, a resident of this State? Is he entitled to have his personal property exemption set apart in the fund from the sale of the goods?

The counsel for the defendant contends that the question presented has been heretofore decided adversely to the plaintiffs in the case of *Chitty v. Chitty,* 118 N. C., 647. It is true in that case a question somewhat similar was considered by the Court, but the Court was divided and the views of the dissenting Justice are set forth strongly and with much weight of authority. But we are not called upon to determine how much weight we will give the case as a precedent in determining this, for the facts are essentially different. In the *Chitty Case* it is found as a fact that the plaintiff, who claimed his homestead, temporarily absented himself to avoid service of a warrant "with the intention of returning as soon as the case against him should be thrown out of court"; "that the plaintiff spent his time in visiting relatives in various States intending to return," etc.

Thus we see that in the *Chitty Case* a most important fact is found in the claimant's favor, and that is the *animus revertendi.* "A man retains his domicil if he leaves it *animo revertendi."* 4 Blackstone, 225; 2 Russel on Crimes, 18; 3 Rawle, 312.

In this case there is not only no such finding, but the facts fully justify the conclusion that the defendant fled the State with no intention to return and serve the sentence which the law has imposed upon him. There is no finding that he is temporarily absent visiting relatives but, on the contrary, it is admitted that his whereabouts is unknown.

Assuming that he may be technically a citizen of the State, he is not a resident within the meaning of Art. 10, sec. 1, of the Constitution, and only a resident can claim the benefit of

our exemption laws. The defendant is not temporarily absent to avoid service of process. From the time of his escape, after sentence pronounced condemning him to an ignominious punishment, he has been a fugitive from justice, for that alone can save him from the vengeance of the law. The motive that led to his flight will induce him to continue his residence beyond the confines of the State indefinitely, for in no other way can he avoid the punishment due to his crime.

He has left the State to escape the consequences of his crime and stands in the attitude of defiance to her power. It is not for such that our benevolent exemption laws were made. The fact that his family may continue to reside within the State, and that his domicil may be technically here until he acquires another elsewhere, is not enough under the circumstances to render him a resident of this State, for a person may have his domicil in this State and be at the same time a resident of another. *In re Thompson,* 1 Wend., N. Y., 43; *Frost v. Brisbin,* 19 Wend., 11; *Haggart v. Morgan,* 1 Seld., N. Y., 423.

The identical question presented on this appeal was decided by the Supreme Court of New York in *Mayor v. Genet,* 11 Supreme Court Reports (4 Hun., 487), 63 N. Y., 646, in an opinion which fully sustains the view we take.

There are a number of authorities cited in the dissenting opinion of *Clark, J.,* in the *Chitty Case* which fully accord with our judgment in this.

The judgment of the Superior Court is
Affirmed.