In re Wilson

IN THE MATTER OF W. L. WILSON, ET UX., GLADYS B. WILSON, AS SURETY IN APPEARANCE BONDS, EX PARTE

No. 711DC733

(Filed 15 December 1971)

1. Constitutional Law § 24— due process — notice and hearing

Notice and hearing are essential to due process of law under the Fourteenth Amendment to the Constitution of the United States and Article I, § 19, of the State Constitution.

2. Arrest and Bail § 11— revocation of license of bail bondsman

A court of competent jurisdiction may revoke or suspend a license to engage in the bail bond business for due cause shown; however, procedural requirements of due process must be followed.

3. Arrest and Bail § 11— revocation of bail bondsman's license — failure to give notice and hearing

Order entered by the district court ex mero motu revoking the authority of appellants to engage in the bail bond business, without any notice to appellants and without their having opportunity to appear and be heard, is null and void.

4. Arrest and Bail § 11; Clerks of Court § 1— Dare County — licensing of bail bondsman

Clerk of court's certificate purporting to authorize the person named therein to execute bonds for criminal defendants in Dare County is null and void, since G.S. Ch. 85A, relating to bail bondsmen, is not applicable to Dare County, G.S. 85A-34, no other local or general statute gives the clerk of court of that county the authority to issue certificates to bondsmen, and the clerk has no inherent authority to authorize persons to engage in business as professional bondsmen.

APPEAL from *Horner, Chief District Judge,* 6 August 1971 Session of Criminal District Court held in DARE County.

On 6 August 1971 the Chief District Judge of the First Judicial District entered an order undertaking to revoke the purported authority of W. L. Wilson and wife, Gladys B. Wilson, to issue appearance bonds for defendants charged with crimes in the First Judicial District.

The court's order contains findings of fact which are summarized as follows:

(1) In a verified petition, dated 17 November 1970, W. L. Wilson petitioned the Clerk of Dare County Superior Court for the privilege of executing appearance bonds on behalf of defendants in criminal actions in that county.

(2) The petition indicated that Wilson owned 52.8 acres of farm land in Hyde County, having a fair market value of $10,000; that he had an equity in a 1970 automobile in the amount of $600, and that he had personal property and cash assets of $5,000. The petition also alleged that petitioner owned lands in Dare County by the entirety with his wife, Gladys B. Wilson, valued at $32,500.

(3) Before and after the 18th of November, 1970, Wilson engaged in a professional bail bonding business throughout the First Judicial District, and particularly in the counties of Dare, Currituck, Camden and Pasquotank.

(4) Wilson has executed bonds totaling in excess of $30,000 in Dare County in cases where the defendants have not yet appeared for trial. He has issued bonds in excess of $5,500 in Currituck County on defendants whose cases are pending for trial.

(5) Wilson executes bonds in his own name without the joinder of his wife whose signature does not appear, except on some few bonds which she has co-signed.

(6) On 29 July 1971 Willis L. Wilson was charged in a warrant issued in Dare County with felonious assault with intent to commit rape. The case is pending hearing on probable cause in the District Court of Dare County. Willis L. Wilson was released from custody upon a $5,000 bond posted by "W. L. Wilson Bonds."

(7) The court has received numerous complaints from law enforcement officers, defendants, and members of the Bar concerning the manner in which Wilson has and is conducting his bonding business in the First Judicial District.

(8) Wilson is not a fit and proper person to issue appearance bonds for the appearance of criminal defendants, either for himself or as the agent for any other party.

Based upon the foregoing findings of fact, the following order was entered:

"Now, THEREFORE, it is ORDERED, ADJUDGED and DECREED by this Court ex mero motu that the authority heretofore granted to W. L. Wilson and wife, Gladys B. Wilson, to issue appearance bonds in due form for any defendants

---

In re Wilson

---

charged in a crime in the First Judicial District be, and the same is hereby revoked, except that W. L. Wilson and wife, Gladys B. Wilson, shall remain liable for all criminal bonds executed by them on behalf of any criminal defendant prior to the entry of this order.

And it is further ORDERED that the Sheriff of Dare County serve a copy of this Order in person upon W. L. Wilson, and a copy upon Gladys B. Wilson, and that the Clerk of Court of Dare County forthwith furnish certified copy of this Order to the several Clerks of Court incorporated within the First Judicial District.

This the 6th day of August, 1971.

FENTRESS HORNER
Chief District Judge"

W. L. Wilson and Gladys B. Wilson excepted to the order and appealed.

*Attorney General Morgan by Assistant Attorney General Melvin and Associate Attorney Payne for the State.*

*Forrest V. Dunstan and White, Hall & Mullen by Gerald F. White for defendant appellants.*

GRAHAM, Judge.

It is undisputed that the order appealed from was entered by the court *ex mero motu,* without any notice to appellants, and without their having opportunity to appear and be heard.

[1]  "Notice and hearing are essential to due process of law under the Fourteenth Amendment to the Constitution of the United States, and Art. 1, § 17 [now Art. 1, § 19], of the state constitution. Accordingly, in order that there be a valid adjudication of a party's rights, the latter must be given notice of the action and an opportunity to assert his defense, and he must be a party to such proceeding." 2 Strong, N. C. Index 2d, Constitutional Law, § 24, pp. 232-233. (Citing cases.)

[2]  A court of competent jurisdiction may revoke or suspend a license to engage in the bail bond business for due cause shown. 8 C.J.S., Bail, § 60(b), pp. 182-183. However, procedural requirements of due process must be followed. *State v. Parrish,* 254 N.C. 301, 118 S.E. 2d 786.

[3] Procedural requirements of due process were not followed here and the court had no jurisdiction to enter the order. We therefore hold the order to be null and void.

[4] We further note, however, that the clerk's certificate, which purports to authorize Wilson to execute bonds for criminal defendants in Dare County, is also null and void. Chapter 85A of the General Statutes, entitled "Bail Bondsmen and Runners," is not applicable to Dare County. (G.S. 85A-34.) We find no local act of the General Assembly controlling the licensing or certification of "professional bondsmen" in Dare County; nor do we find any statute giving the clerk of court of that county authority to issue certificates to bondsmen, such as the certificate issued to Wilson on 18 November 1970. A clerk of court has no inherent authority to authorize persons to engage in business as professional bondsmen. (See *State v. Bowser,* 232 N.C. 414, 61 S.E. 2d 98, which discusses the general limitation of a clerk of court to accept bonds.)

Since the clerk of court of Dare County had no authority to issue the certificate, dated 18 November 1970, appellants received no rights under it.

For reasons stated the order appealed from is vacated.

Order vacated.

Chief Judge MALLARD and Judge HEDRICK concur.