FIRST UNION NATIONAL BANK v. DONALD ROLFE AND JOSEPHINE ROLFE

No. 8630SC509

(Filed 30 December 1986)

**Execution § 1; Rules of Civil Procedure § 60.2— property not exempt from execution—absence of notice—relief from order**
Defendant was entitled to relief from an order declaring that none of her property in this state is exempt from an execution sale to satisfy plaintiff's default judgment against her because she is no longer a resident of this state where plaintiff's motion for such an order was not served on defendant in the manner provided in N.C.G.S. 1A-1, Rule 4, and defendant had no opportunity to contest the factual allegations as to her non-residency. Art. I, § 19 of the N. C. Constitution; N.C.G.S. 1A-1, Rule 60(b)(4).

APPEAL by defendant Josephine Rolfe from *Friday, Judge.* Order entered 11 December 1985 in Superior Court, MACON County. Heard in the Court of Appeals 28 October 1986.

Defendants Donald and Josephine Rolfe were formerly married to each other. During their marriage, Donald Rolfe executed a promissory note to plaintiff Bank, and Josephine Rolfe executed an unconditional guaranty for a portion of Donald Rolfe's obligations. Thereafter, the Rolfes were divorced. On 9 January 1985, plaintiff Bank brought this action alleging that Mr. Rolfe had defaulted upon the note and that Mrs. Rolfe had refused to make payment in accordance with the terms of the guaranty agreement. Personal service of the summons and complaint was had upon Mrs. Rolfe in this State.

Mr. Rolfe filed a voluntary petition in bankruptcy and this action was stayed as to him. Mrs. Rolfe did not file a responsive pleading and, on 6 March 1985, default judgment was entered against her.

On 30 April 1985, plaintiff Bank filed a "Motion and Notice of Motion to Determine That No Property in the State of North Carolina of the Debtor, Josephine Rolfe, is Exempt." Plaintiff alleged that Mrs. Rolfe was no longer a resident of North Carolina, but was a resident of Ireland. According to the record, the following events occurred on 30 April 1985:

1. Plaintiff filed its "Motion and Notice of Motion."

2. The motion was returned "unserved" on Mrs. Rolfe with the notation by a deputy sheriff that he had been unable to locate Mrs. Rolfe in Macon County and had been advised she "was in Irland [sic]."

3. Plaintiff's counsel mailed a copy of the Motion to Mrs. Rolfe at her address in Macon County.

4. Plaintiff's vice-president filed an affidavit in which he acknowledged that he had information that Mrs. Rolfe was in Ireland and that her mail was being forwarded to her there.

5. An order was entered by the assistant clerk granting plaintiff Bank the relief it requested in its "Motion and Notice of Motion."

6. An execution was issued.

On 28 May 1985, the Sheriff of Macon County issued a notice of levy upon certain personal property belonging to Mrs. Rolfe, but, due to claims to the property made by Mr. Rolfe, it was not sold during the life of the execution.

A second execution was issued on 23 September 1985 and the Sheriff gave notice of levy and notice of sale of the property. Prior to the sale, however, Mrs. Rolfe filed a motion to set aside the 30 April 1985 order of the assistant Clerk. She sought and obtained a temporary order restraining the execution sale pending a hearing on her motion. After a hearing before the Clerk of Superior Court and the entry of an order adverse to her, Mrs. Rolfe appealed to the Superior Court. After hearing, the trial judge denied her motion to set aside the 30 April 1985 order, directed that execution may issue against Mrs. Rolfe's property, and directed the Sheriff to proceed with execution. Mrs. Rolfe appeals.

*Jones, Key, Melvin & Patton, P.A., by Joseph D. Johnson, for plaintiff appellee.*

*Lawrence Nestler, Western N. C. Legal Services, Inc.; and Margot Roten, N. C. Legal Services Resource Center, Inc. for defendant appellant, Mrs. Josephine Rolfe.*

MARTIN, Judge.

We must reverse the trial court's denial of Mrs. Rolfe's motion for relief from the 30 April 1985 order declaring that none of her property in this State is exempt from execution. Mrs. Rolfe is entitled to relief from that order because it was entered without notice to her in violation of rights guaranteed her by our Constitution and statutes.

Every resident of North Carolina is entitled to claim certain of his property as exempt from sale to satisfy the claims of his creditors. N. C. Const., Art. 10; G.S. 1C-1601 *et seq.* Only a resident of this State, however, may claim the benefit of the exemption laws. *Cromer v. Self*, 149 N.C. 164, 62 S.E. 885 (1908).

In its original complaint, plaintiff alleged that Mrs. Rolfe was a resident of Macon County, North Carolina. The summons and a copy of the complaint were served upon her within this State. Thus, Mrs. Rolfe was put on notice that plaintiff claimed, *inter*

*alia*, that she was a resident of North Carolina and was indebted to plaintiff in the amount alleged. Mrs. Rolfe did not respond to the complaint, and plaintiff obtained an entry of default and a default judgment against her. When default is entered due to a defendant's failure to answer, the factual allegations of the plaintiff's complaint are deemed admitted and those facts are established for the purposes of entering a default judgment. *Bell v. Martin*, 299 N.C. 715, 264 S.E. 2d 101, *reh'g denied*, 300 N.C. 380 (1980). Having admitted by default that she was a resident of this State and that she was indebted to plaintiff, Mrs. Rolfe was entitled to assume that she would be afforded her rights to claim exemptions in the event plaintiff proceeded to enforce its judgment against her.

Plaintiff's "Motion and Notice of Motion to Determine That No Property in the State of North Carolina of the Debtor, Josephine Rolfe, is Exempt" alleged that Mrs. Rolfe "is no longer a resident of the State of North Carolina. . . ." By reason of this new allegation, plaintiff sought an order declaring that Mrs. Rolfe had no rights under the Constitution and laws of this State to claim exemptions. In our view, the motion sought relief different from that which plaintiff sought in the original complaint; i.e., it requested a determination that Mrs. Rolfe was not a resident of North Carolina and was therefore not entitled to protect any of her property in this State from sale to satisfy plaintiff's claim. A party who is in default for failure to appear is ordinarily not entitled to notice of additional pleadings in the case, but where a new or additional claim is asserted, service on the party, even though in default, is required in the same manner as provided by G.S. 1A-1, Rule 4 for the service of summons. G.S. 1A-1, Rule 5(a). Moreover, the "law of the land" clause contained in Article 1, § 19 of the North Carolina Constitution mandates that a party be given notice and an opportunity to be heard before he can be deprived of a legal claim or defense. *Shepherd v. Shepherd*, 273 N.C. 71, 159 S.E. 2d 357 (1968).

Plaintiff clearly did not accomplish service of its motion in the manner provided by G.S. 1A-1, Rule 4(j). The record reflects that personal service by delivery of a copy of the motion was attempted by a Macon County deputy sheriff who returned it unserved with the notation that Mrs. Rolfe was in Ireland. The motion was filed 30 April 1985 and was returned unserved by the

officer on the same date. The record also reflects that plaintiff's attorney deposited a copy of the motion in the United States Post Office, certified mail, return receipt requested, addressed to Mrs. Rolfe, on 30 April 1985, but that it was not delivered to her. According to his affidavit, plaintiff's attorney did not make any further attempt to serve the motion on Mrs. Rolfe. Thus, by plaintiff's own evidence, it appears that there was no effort made to obtain service of the motion on Mrs. Rolfe by publication as provided by G.S. 1A-1, Rule 4(j1). We note that plaintiff's attempt to serve the motion upon Mrs. Rolfe by mail would have provided little benefit to her since the relief requested therein was granted on the same day the motion was mailed to her.

In our view, the procedures prescribed by G.S. 1C-1603(a)(4), providing for notice to the judgment debtor of his rights to designate his exempt property, would have been appropriate in this case. A judgment debtor is permitted twenty days after service of the notice within which to move to designate exemptions, G.S. 1C-1603(e)(2), or the right to exemptions is deemed to be waived. Had Mrs. Rolfe moved, in response to the notice, to designate exemptions, plaintiff could then have challenged her residence and entitlement to exemptions. However, plaintiff's argument to the contrary notwithstanding, the record is clear that plaintiff did not comply with the procedures prescribed in the statute for service of the notice. *See* G.S. 1A-1, Rule 4; G.S. 1-75.10. Moreover, the order declaring that Mrs. Rolfe was not entitled to exemptions was entered the very same day that service of the motion was attempted.

In summary, Mrs. Rolfe was entitled to notice of plaintiff's motion to declare that none of her property is exempt, and an opportunity to contest the factual allegations as to her non-residency. She was given neither notice nor an opportunity to be heard, in violation of statutory and constitutional provisions. The order declaring that her property is not exempt was, therefore, invalid, *In re Wilson*, 13 N.C. App. 151, 185 S.E. 2d 323 (1971), and she is entitled to relief therefrom pursuant to G.S. 1A-1, Rule 60(b)(4). The order of the superior court denying her such relief is reversed, and this cause is remanded for such further proceedings for enforcement of the judgment against Mrs. Rolfe as may be consistent with the law.

Reversed and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.