AMY D. BARNETT, Plaintiff v. WALTER EUGENE KING, Defendant

No. COA98-1234

(Filed 20 July 1999)

### 1. Notice; Process and Service— notice of hearing—not mailed to last known address

The trial court erred by granting plaintiff's motion for summary judgment where notice of the summary judgment hearing was never provided. An earlier notice of a continued default hearing was ineffective and could not be the basis for notice of the summary judgment hearing because it was mailed to the street address at which the complaint had been served even though the pro se defendant had responded with a single sentence which included a different address. Where a defendant, especially one acting pro se, provides a mailing address in a document filed in response to a complaint and serves a copy on opposing counsel, he or she should be able to rely on receiving later service at the same address; by the some token, opposing counsel (or a pro se party) may also rely on that address for service of all subsequent process and other communications until a new address is furnished.

### 2. Pleadings— pro se answer—sufficient

A one sentence pro se response to a complaint, though minimal in the extreme, denied the substance of the claim and sufficed as an answer.

Appeal by defendant from order entered 29 May 1998 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 13 May 1999.

*Robbins May & Rich L.L.P., by P. Wayne Robbins, for plaintiff-appellee.*

*Holshouser and Suggs, L.L.P., by Paul B. Trevarrow, for defendant-appellant.*

EDMUNDS, Judge.

Plaintiff's mother died on 26 February 1992. In her will, plaintiff's mother bequeathed insurance benefits under her Teacher's Insurance and Annuity Association's College Retirement Equity Fund account

(TIAA-CREF) to defendant, who is plaintiff's stepfather. Plaintiff, however, was the named beneficiary of the insurance policy. In order to honor her mother's wishes, plaintiff, in July 1992, voluntarily endorsed over to defendant TIAA-CREF benefit checks totaling $303,988.36. Defendant used the insurance proceeds to purchase land in Pinehurst, North Carolina. At the time, plaintiff apparently did not consider the tax consequences of her selflessness.

In 1993, plaintiff received a 1099 tax form from TIAA-CREF, which informed her that she was responsible for $100,368.00 in state and federal taxes arising from her receipt of the insurance proceeds. In her affidavit, plaintiff alleged she notified defendant, who agreed to reimburse plaintiff within a year if she would pay the taxes. Plaintiff thereupon paid the amount due. Plaintiff's affidavit further stated that in May 1993, defendant made a $20,000.00 partial payment to her and promised that he would soon pay the remaining amount. In her complaint, plaintiff alleged that defendant failed to pay an additional unrelated $5,000.00 debt, which is based on a subsequent loan from plaintiff to defendant.

In October 1997, plaintiff filed this action seeking recovery of $85,368.00, plus interest. The Moore County Sheriff's Department served defendant with the complaint on 30 October 1997 at 760 West Baltimore Avenue, Pinebluff, North Carolina. On 26 November 1997, defendant, acting *pro se*, filed with the court a single-sentence statement that, "The PLAINTIFF, Amy Barnett assured me that I was under no obligation to reimburse her for any sum as per her complaint." Although signed and dated by a witness and a notary, the statement contained no indication whether plaintiff made it under oath. Defendant's response was directed to plaintiff, in care of her legal counsel, and provided defendant's mailing address, P.O. Box 4120, Pinehurst, North Carolina 28374.

On 3 April 1998, plaintiff filed a "Motion For Entry Of Default Or In The Alternative Motion For Judgment On The Pleadings" (Motion for Default). According to the accompanying certificate of service, the motion was mailed to 760 West Baltimore Avenue, Pinebluff, North Carolina, where the original complaint had been served. Notice that the hearing would take place on 4 May 1998 was also sent to the Pinebluff address, and the courtroom calendar for 4 May 1998 also shows defendant's address as 760 West Baltimore Avenue, Pinebluff, North Carolina. On 15 April 1998, plaintiff filed an affidavit supporting her Motion for Default. According to the certificate of service for

the affidavit, plaintiff mailed the affidavit to defendant at "31 Barton Hill Court, Pinehurst, N.C." Defendant was not present for the 4 May 1998 hearing, and the trial court continued the matter in open court to 26 May 1998. On 5 May 1998, plaintiff filed a Motion for Summary Judgment. Plaintiff mailed a service copy of this motion to defendant at the Pinehurst post office box, which defendant set out in his response to the initial complaint; however, no notice of hearing accompanied the motion nor was such notice later served on defendant. The courtroom calendar for 26 May 1998 shows defendant's address as 760 West Baltimore Avenue, Pinebluff, North Carolina. On 29 May 1998, the trial court granted plaintiff's Motion for Summary Judgment at a hearing that defendant did not attend. On 29 June 1998, defendant, for the first time acting through counsel, filed or attempted to file a verified answer to plaintiff's complaint, an affidavit, a "Defendant's Motion To Set Aside Order Granting Summary Judgment" and supporting brief, and notice of appeal from the trial court's grant of summary judgment. On 15 July 1998, the trial court denied defendant's motion to set aside the order of summary judgment. Defendant appeals.

[1] Defendant contends that the trial court's grant of plaintiff's Motion for Summary Judgment was erroneous because defendant's absence from the hearing resulted from plaintiff's failure to provide notice. Adequacy of notice is a question of law. See *Benton v. Mutual of Omaha Ins. Co.*, 500 N.W.2d 158 (Minn. Ct. App. 1993), and the cases cited therein. Motions for summary judgment are governed by Rule 56 of the North Carolina Rules of Civil Procedure. Rule 56 states, "The motion shall be served at least 10 days before the time fixed for the hearing." N.C. Gen. Stat. § 1A-1, Rule 56 (1990). Although Rule 56 makes no direct reference to notice of hearing, this Court has held that such notice also must be given at least ten (10) days prior to the hearing. *See Calhoun v. Wayne Dennis Heating & Air Cond.*, 129 N.C. App. 794, 800, 501 S.E.2d 346, 350 (1998), *disc. review dismissed ex mero motu*, 350 N.C. 92, —— S.E.2d —— (1999).

Here, plaintiff properly served her Motion for Summary Judgment by mailing a copy to the address provided by defendant in his only filing with the court up to that time. She failed, however, to serve defendant with the required notice of the hearing on the motion. Defendant contends this failure was prejudicial, depriving him of property without notice, contrary to the Due Process Clause of the United States Constitution and the Law of the Land Clause of the North Carolina Constitution. Plaintiff disagrees, reasoning that

because she mailed notice of the hearing on her earlier Motion for Default to the Pinebluff address where defendant originally had been served by the sheriff, defendant received notice of and should have attended the hearing of 4 May 1998. Had he done so, he would have received actual notice that the trial court continued the hearing on plaintiff's Motion for Default until 29 May, when the Motion for Summary Judgment was heard. We find plaintiff's reasoning unpersuasive.

Plaintiff's certificate of service shows that on 3 April 1998, plaintiff mailed notice of the 4 May 1998 hearing on her Motion for Default to defendant's Pinebluff street address, where defendant had been served originally on 30 October 1997. However, on 26 November 1997, defendant filed his *pro se* statement purporting to respond to plaintiff's complaint. Defendant's statement included a post office box address, which plaintiff used on 5 May 1998 to serve her Motion for Summary Judgment. Nevertheless, plaintiff contends that as of 3 April 1998, approximately four months after defendant filed his statement, defendant's Pinebluff street address was his "last known address." *See* N.C. Gen. Stat. § 1A-1, Rule 5(b) (Cum. Supp. 1998). We disagree. Where a defendant, especially one acting *pro se*, provides a mailing address in a document filed in response to a complaint and serves a copy of that filing on opposing counsel, he or she should be able to rely on receiving later service at that address; by the same token, opposing counsel (or a *pro se* party) may also rely on that address for service of all subsequent process and other communications until a new address is furnished. *See id.* Here, plaintiff sent material meant for defendant to three different addresses after defendant filed his statement responding to plaintiff's complaint. Because plaintiff mailed notice of the 4 May 1998 hearing on her Motion for Default to an address other than that provided on defendant's filed response, the notice was ineffective and cannot be the basis for notice of the 29 May 1998 hearing on her Motion for Summary Judgment. *See Town of Cary v. Stallings*, 97 N.C. App. 484, 488, 389 S.E.2d 143, 145 (1990).

[2] Plaintiff further contends that defendant was not entitled to any notice when plaintiff filed her Motion For Summary Judgment. She argues that defendant was in default because the response he filed after being served with plaintiff's complaint was not an "Answer" as contemplated by the North Carolina Rules of Civil Procedure. While it is true that "[a] party who is in default for failure to appear is ordinarily not entitled to notice of additional pleadings in the case," *First*

*Union Nat'l Bank v. Rolfe*, 83 N.C. App. 625, 628, 351 S.E.2d 117, 119 (1986), this Court has held that

> the general policy of the Rules of Civil Procedure is to disregard technicalities of form and determine the rights of litigants on the merits. . . .

> [A] letter, or in fact *any document, that is* filed *with the court and substantively responds to a complaint may constitute an answer*, notwithstanding its failure to comply with all of the technical requirements of the Rules of Civil Procedure.

*Brown v. American Messenger Services, Inc.*, 129 N.C. App. 207, 211-12, 498 S.E.2d 384, 387, *disc. review denied*, 348 N.C. 692, 511 S.E.2d 644 (1998) (emphasis added) (citations omitted). In response to plaintiff's complaint, defendant timely filed a statement, which denied the substance of her claim. We hold that his statement, though minimal in the extreme, suffices as an answer. Defendant was not in default and therefore was entitled to adequate notice of the hearing on plaintiff's Motion for Summary Judgment. Because plaintiff did not give the required notice of the hearing for this motion, we vacate the order of the trial court and remand this case for further proceedings. Upon remand, it lies within the sound discretion of the trial court whether to allow any amendment to defendant's 26 November 1997 filing. *See News & Observer Publishing Co. v. Poole*, 330 N.C. 465, 485, 412 S.E.2d 7, 19 (1992).

In light of this holding, we need not address defendant's other assignments of error.

Vacated and remanded.

Judges WALKER and McGEE concur.