**SHWE v. JABER**

[147 N.C. App. 148 (2001)]

KHIN KHIN SHWE, Plaintiff-appellee v. AMAD M. JABER aka MUHAIMEN JABER, Defendant-appellant

No. COA00-1356

(Filed 6 November 2001)

**1. Process and Service—requests for admissions—discovery requests—mailed to employer's address—last known address**

The trial court did not err in an action alleging multiple claims including fraud, conversion, unfair trade practices, and breach of contract arising out of the sale of a restaurant business and the sublease of the pertinent premises by ruling that plaintiff's first and second requests for admissions had been properly served upon defendant even though the discovery requests were mailed to pro se defendant at his employer's address, because defendant's last known address was his employer's address when that was the address plaintiff used to serve defendant with the summons and complaint, N.C.G.S. § 1A-1, Rule 5(b).

**2. Discovery— deemed admissions—pro se defendant**

The trial court did not abuse its discretion in an action alleging multiple claims including fraud, conversion, unfair trade practices, and breach of contract arising out of the sale of a restaurant business and the sublease of the pertinent premises by refusing to allow pro se defendant to withdraw his deemed admissions, because: (1) plaintiff properly served the requests for admissions as required by N.C.G.S. § 1A-1, Rule 5; (2) although defendant denied he actually received the requests for admissions, the trial court did not find his denials credible; (3) defendant has offered nothing to show that the trial court refused to consider any particular evidence or otherwise acted inappropriately; and (4) even though defendant was acting pro se, the North Carolina Rules of Civil Procedure must be applied equally to all parties to a lawsuit without regard to whether they are represented by counsel.

Appeal by defendant from judgment entered 17 August 2000 by Judge Paul G. Gessner in Wake County District Court. Heard in the Court of Appeals 18 September 2001.

*Danny Bradford for plaintiff-appellee.*

*Calvin B. Bennett, III, for defendant-appellant.*

SHWE v. JABER

[147 N.C. App. 148 (2001)]

MARTIN, Judge.

Plaintiff filed this action alleging multiple claims for relief, including fraud, conversion, unfair practices in violation of N.C. Gen. Stat. Chapter 75, and breach of contract, all arising out of defendant's sale to plaintiff of a restaurant business and sublease of premises located in Zebulon, N.C.

Service of the summons and complaint upon defendant was attempted at 6300 Creedmoor Road, 138-275, Raleigh, N.C., an address which had been provided by defendant in response to discovery in an earlier lawsuit brought by plaintiff arising out of the same transaction. The summons was returned unserved, however, because the address was a mailbox rather than a physical address. An alias and pluries summons was issued, directed to defendant at 6069-B Shadetree Lane, Raleigh, N.C., but was returned unserved by a Wake County deputy sheriff with the following: "Subject no longer at given per [sic] leasing office." Subsequent alias and pluries summons were issued, directed to defendant at 110 Corning Rd., Suite 200, Cary, N.C., which was believed to be defendant's work address. Plaintiff hired a process server to serve the summons and complaint on defendant at the Corning Rd. address. Four attempts were made to obtain service. On the first attempt at service, defendant denied that he was defendant, and on the second and third attempts defendant refused to make himself available so that he could be served. On 25 February 1998, the process server was finally able to personally serve the summons and complaint on defendant.

Following personal service of the summons and complaint, plaintiff mailed, on 14 April 1998 and on 7 July 1998, two discovery documents entitled "Request to Admit Facts and Genuineness of Documents" to defendant at the Corning Rd. address. After defendant failed to answer the complaint and the first set of discovery requests, plaintiff filed a motion for summary judgment on 18 May 1998. On 19 August 1998, the Clerk of Superior Court mailed a motions calendar to defendant at the Creedmoor Rd. mailbox address, setting the hearing on plaintiff's motion for 14 September 1998. Defendant responded by filing a pro se answer on 13 September 1998, and he appeared pro se for the summary judgment hearing the following day. By order dated 18 September 1998, Judge Alice Stubbs granted partial summary judgment in plaintiff's favor establishing defendant's liability upon the claims alleging unfair practices, breach of contract, and conversion, based on defendant's failure to answer plaintiff's discovery in accordance with G.S. § 1A-1, Rule 36.

Defendant, still *pro se*, filed motions for relief under Rules 59 and 60 of the North Carolina Rules of Civil Procedure on 28 September 1998, in which he denied that he had been served with the discovery requests or the motion for summary judgment. Counsel for defendant filed a notice of appearance on 19 October 1998. Defendant's motions for relief were denied by Judge Stubbs on 20 October 1999.

The issues relating to damages were tried before Judge Paul G. Gessner, sitting without a jury. By judgment entered 17 August 2000, Judge Gessner awarded plaintiff damages in the amount of $20,536. Defendant appeals.

---

**[1]** Defendant contends on appeal that the trial court erred in ruling that plaintiff's first and second requests for admissions had been properly served upon defendant since the discovery requests were mailed to the *pro se* defendant's employer's address, rather than to defendant's "last known address", i.e., the Creedmoor Rd. address.

Service of discovery requests is governed by G.S. § 1A-1, Rule 5. According to Rule 5(b), service of discovery requests may

> be made by delivering a copy to [the *pro se* party] or by mailing it to him at his *last known address* or, if no address is known, by filing it with the clerk of court. . . . Service by mail shall be complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

N.C. Gen. Stat. § 1A-1, Rule 5(b) (2000) (emphasis added). According to the certificates of service, plaintiff mailed the two discovery requests to defendant at his employer's address at 110 Corning Rd., Suite 200, Cary, N.C. This address was the same one used by plaintiff to personally serve defendant with the summons and complaint.

Defendant argues that his "last known address," and thus the address to which plaintiff should have mailed the discovery requests, was 6300 Creedmoor Rd. 138-275, Raleigh, N.C. Defendant relies on *Barnett v. King*, 134 N.C. App. 348, 517 S.E.2d 397 (1999) to support his argument. In *Barnett*, the plaintiff had mailed a notice of hearing to the address where the defendant was initially served by the sheriff even though the defendant had subsequently provided a different address in a responsive pleading. The plaintiff in *Barnett* contended that the defendant's "last known address" was the ad-

dress where the defendant had originally been served. This Court disagreed holding,

> [w]here a defendant, especially one acting *pro se*, provides a mailing address in a document filed in response to a complaint and serves a copy of that filing on opposing counsel, he or she should be able to rely on receiving later service at that address; by the same token, opposing counsel (or a *pro se* party) may also rely on that address for service of all subsequent process and other communications until a new address is furnished.

*Barnett*, 134 N.C. App. at 351, 517 S.E.2d at 400. However, in the present case, after plaintiff served the complaint on defendant at the Corning Road address, defendant did not file any responsive pleadings which provided plaintiff with a new mailing address for defendant. Therefore, defendant's "last known address" was his employer's address since that was the address plaintiff used to serve defendant with the summons and complaint, and we hold that the trial court did not err in finding that defendant was properly served with the requests for admissions. *See* N.C. Gen. Stat. § 1A-1, Rule 5(b) ("[s]ervice by mail shall be complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.")

[2] Defendant further contends that even if the service of the requests for admissions was effective, the trial court erred by refusing to allow defendant to withdraw his deemed admissions. We disagree.

· According to G.S. § 1A-1, Rule 36(a), matters as to which admission is requested are deemed admitted unless the party to whom the request is directed serves a written response within the time permitted by the rule. The trial court has discretion to allow a withdrawal of an admission upon a party's motion. N.C. Gen. Stat. § 1A-1, Rule 36(b) (2000); *Whitley v. Coltrane*, 65 N.C. App. 679, 309 S.E.2d 712 (1983). Once a matter is admitted by failure to respond, the matter is conclusively established for purposes of the pending action unless the court, upon motion, allows withdrawal or amendment of the admission. N.C. Gen. Stat. § 1A-1, Rule 36. Moreover, matters admitted pursuant to Rule 36(b) may be sufficient to support a grant of summary judgment. *Rhoads v. Bryant*, 56 N.C. App. 635, 289 S.E.2d 637, *disc. review denied*, 306 N.C. 386, 294 S.E.2d 211 (1982).

As we have decided, plaintiff properly served the requests for admissions as required by G.S. § 1A-1, Rule 5. Though defendant denied he actually received the requests for admissions, the trial court, after considering such denials at both the hearing on his Rule 59 and 60 motions and at the summary judgment hearing apparently did not find his denials credible. Defendant has offered nothing to show this Court that the trial court refused to consider any particular evidence or otherwise acted inappropriately. Therefore, we conclude that the trial court did not abuse its discretion in refusing to permit defendant to withdraw his deemed admissions.

Defendant suggests that the trial court should have taken into account that defendant was acting *pro se* at the time the partial summary judgment was entered and therefore should have been more inclined to allow defendant to withdraw his admissions. However, as our Supreme Court has stated: "the [North Carolina Rules of Civil Procedure] must be applied equally to all parties to a lawsuit, without regard to whether they are represented by counsel." *Goins v. Puleo*, 350 N.C. 277, 281, 512 S.E.2d 748, 751 (1999).

Affirmed.

Judges WALKER and TYSON concur.