JOSEPH CALVIN WILSON, Plaintiff v. BARBARA BILTCLIFFE WILSON, Defendant

No. COA07-1524

(Filed 5 August 2008)

**1. Civil Procedure— summary judgment hearing—notice**

The trial court did not err in a divorce case by concluding defendant wife received adequate and proper notice of the summary judgment hearing, even though defendant contends the notice of hearing only stated the date and not the time of the hearing, because: (1) defendant failed to show that she did not receive notice of hearing on plaintiff's motion for summary judgment at least ten days prior to the hearing as required by N.C.G.S. § 1A-1, Rule 56(c); and (2) plaintiff's notice of hearing was adequate in light of N.C.G.S. § 1A-1, Rule 56(c).

**2. Divorce— absolute—subject matter jurisdiction—personal jurisdiction—proper notice and service**

The district court did not lack subject matter jurisdiction and personal jurisdiction even though defendant wife contends she was not properly served with the summons and complaint prior

to the trial court's entry of absolute divorce because: (1) in regard to subject matter jurisdiction, the court found that plaintiff had been a citizen and resident of North Carolina for more than six months next preceding the institution of this action, and plaintiff and defendant have lived separate and apart for more than one year without resuming the marital relationship; (2) in regard to personal jurisdiction, plaintiff filed an affidavit of service by certified mail on 7 June 2007; (3) plaintiff's verified complaint contained allegations consistent with the trial court's order and was properly treated as an affidavit; and (4) competent evidence supported the court's unchallenged findings of fact.

Appeal by defendant from judgment entered 23 August 2007 by Judge Ben S. Thalheimer in Mecklenburg County District Court. Heard in the Court of Appeals 11 June 2008.

*No brief filed by plaintiff.*

*Barbara Biltcliffe Wilson, pro-se, for defendant-appellant.*

TYSON, Judge.

Barbara Biltcliffe Wilson ("defendant") appeals from judgment entered, which granted Joseph Calvin Wilson ("plaintiff") an absolute divorce from defendant. We affirm.

## I.  Background

Plaintiff and defendant were married on or about 14 June 1964 and separated on 30 July 2001. On 13 April 2006, plaintiff filed a verified complaint in which he sought "the bonds of matrimony heretofore existing between [p]laintiff and [d]efendant be dissolved, and that [p]laintiff and [d]efendant be granted an absolute divorce from each other." Plaintiff failed to achieve service of process on defendant after the issuance of summonses on 13 April 2006, 24 May 2006, 11 September 2006, 5 December 2006, 28 February 2007, and 24 April 2007.

On 1 August 2007, plaintiff alleged service of process was accomplished on 22 May 2007 and moved for summary judgment. The hearing for summary judgment was held 20 August 2007. The district court granted plaintiff an absolute divorce from defendant and filed its judgment on 23 August 2007. Defendant appeals.

## II.  Issues

Defendant argues the district court erred when it entered its judgment because: (1) defendant was not given proper notice of the summary judgment hearing and (2) the trial court lacked jurisdiction.

## III.  Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. On appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant.

*Summmey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (internal citation and quotation omitted).

"We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citation and quotation omitted).

## IV.  Notice

[1] Defendant asserts she did not receive adequate and proper notice of the summary judgment hearing because the notice of hearing only stated the date and not the time of the hearing. We disagree.

Motions for summary judgment are governed by Rule 56 of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 56 (2007). "The motion shall be served at least 10 days before the time fixed for the hearing." N.C. Gen. Stat. § 1A-1, Rule 56(c). "Although Rule 56 makes no direct reference to notice of hearing, this Court has held that such notice also must be given at least ten (10) days prior to the hearing." *Barnett v. King*, 134 N.C. App. 348, 350, 517 S.E.2d 397, 399 (1999) (citing *Calhoun v. Wayne Dennis Heating & Air Cond.*, 129 N.C. App. 794, 800, 501 S.E.2d 346, 350 (1998), *disc. rev. denied*, 350 N.C. 92, 532 S.E.2d 524 (1999)).

Here, plaintiff filed his motion for summary judgment and notice of hearing on 1 August 2007. The notice of hearing states "that on the

20th day of Aug[ust], 2007 the [p]laintiff will request the Judge presiding in Courtroom No. 8110 of the Civil Courts Building to grant the relief requested in [p]laintiff's Motion for Summary Judgment, namely entry of a Judgment of Absolute Divorce." Attached to both the motion and notice were certificates of service signed by plaintiff's counsel on 31 July 2007.

Defendant has failed to show that she did not receive notice of hearing on plaintiff's motion for summary judgment "at least ten (10) days prior to the hearing." *Barnett*, 134 N.C. App. at 350, 517 S.E.2d at 399. Plaintiff's notice of hearing was adequate and proper in light of Rule 56(c) of the North Carolina Rules of Civil Procedure. This assignment of error is overruled.

## V.  Service of Process

[2] Defendant argues the district court lacked subject matter and personal jurisdiction because she was not properly served with the summons and complaint prior to the trial court's entry of absolute divorce. We disagree.

### A.  Subject Matter Jurisdiction

"The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for . . . divorce . . . ." N.C. Gen. Stat. § 7A-244 (2005). "In North Carolina, subject matter jurisdiction for divorce involves not only bringing the matter in the correct court, but also the court's finding residence by one of the parties for the requisite length of time and verification of the pleadings." 2 Suzanne Reynolds, *Lee's North Carolina Family Law* § 7.25, at 88 (5th ed. 1999) (citations omitted); *see also* N.C. Gen. Stat. §§ 50-6, -8 (2005).

Here, plaintiff filed a verified complaint with the Mecklenburg County District Court. The district court found: (1) "[p]laintiff has been a citizen and resident of the State of North Carolina for more than six months next preceding the. institution of this action[]" and (2) "[p]laintiff and [d]efendant have lived separate and apart for more than one year next preceding the institution of this action without resuming the marital relationship." The district court's findings are supported by plaintiff's verified complaint, which may be treated as an affidavit. *See Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) ("A verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that

the affiant is competent to testify to the matters stated therein." Citations omitted)).

The district court properly exercised jurisdiction over the subject matter of the parties' divorce action. N.C. Gen. Stat. §§ 7A-244, 50-6, 50-8. This assignment of error is overruled.

### B. Personal Jurisdiction

Defendant asserts the district court did not acquire personal jurisdiction over her. We disagree.

In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:

(1) Natural Person.—Except as provided in subsection (2) below, upon a natural person by one of the following:

. . . .

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4(j) (2007).

Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:

. . . .

(4) Service by Registered or Certified Mail.—In the case of service by registered or certified mail, by affidavit of the serving party averring:

a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;

b. That it was in fact received as evidenced by the attached registry receipt *or other evidence satisfactory to the court of delivery to the addressee*; and

c. That the genuine receipt *or other evidence of delivery is attached.*

N.C. Gen. Stat. § 1-75.10 (2007) (emphasis supplied).

Here, plaintiff filed an affidavit of service by certified mail on 7 June 2007. The affidavit stated that "copies of a Civil Summons and Complaint were deposited in the U.S. Post Office for mailing by certified mail, return receipt requested, addressed to [defendant] . . . ." Attached to plaintiff's affidavit was: (1) a receipt for certified mail which showed item number 7160 3901 9848 8335 2054 was mailed on 3 May 2007 and (2) a track/confirm sheet from the U.S. Post Office which indicated item number 7160 3901 9848 8335 2054 was delivered to and signed for by defendant on 22 May 2007 at 11:36 a.m.

It is clear from plaintiff's affidavit of service by certified mail and attachments thereto with defendant's signature appearing thereon that the summons and complaint were personally served upon defendant pursuant to Rule 4(j)(1)(c) of the North Carolina Rules of Civil Procedure.

Our holding is also consistent with other jurisdictions, which have held service to be sufficient when reviewing facts similar to those at bar. *See In re Estate of Riley*, 847 N.E.2d 22, 27 (Ohio Ct. App. 2006) ("A signed return receipt constitutes evidence of delivery pursuant to Civ.R. 4.1(A), but the rule does not bar introduction of other evidence to establish certified mail delivery." (Citation omitted)); *see also Lauer v. City of New York*, 656 N.Y.S.2d 93 (1997); *compare Connally v. Connally*, 233 S.W.3d 168, 171-72 (Ark. App. 2006) ("We see no evidence in the record that [the defendant] signed for the package or that the [third party] was [the defendant's] authorized agent, and, during oral argument, [the plaintiff's] counsel could not direct us to any such evidence. We therefore agree with the trial court that [the defendant] was not served by commercial delivery.").

The district court properly exercised personal jurisdiction over defendant. This assignment of error is overruled.

### VI.  Sufficiency of the Evidence

N.C. Gen. Stat. § 50-6 states:

Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months.

In its order granting plaintiff an absolute divorce from defendant, the district court found: (1) "[p]laintiff has been a citizen and resident

**WILSON v. WILSON**

[191 N.C. App. 789 (2008)]

of the State of North Carolina for more than six months next preceding the institution of this action[]" and (2) "[p]laintiff and [d]efendant have lived separate and apart for more than one year next preceding the institution of this action without resuming the marital relationship." These findings are supported by allegations asserted in plaintiff's verified complaint.

"A verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." *Page*, 281 N.C. at 705, 190 S.E.2d at 194 (citations omitted). Here, plaintiff's verified complaint meets the elements articulated by our Supreme Court in *Page*, contains allegations consistent with the trial court's order and was properly treated as an affidavit. 281 N.C. at 705, 190 S.E.2d at 194.

Further, defendant has not assigned any error to these findings. "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citations omitted). Uncontradicted and competent evidence supports the district court's findings of fact, which in turn support its conclusion to grant plaintiff an absolute divorce from defendant.

### VII. Conclusion

Defendant received adequate and proper notice of the hearing on plaintiff's motion for summary judgment "at least ten (10) days prior to the hearing." *Barnett*, 134 N.C. App. at 350, 517 S.E.2d at 399; N.C. Gen. Stat. § 1A-1, Rule 56(c).

The district court of Mecklenburg County properly exercised subject matter and personal jurisdiction over the parties' divorce action and defendant, respectively. Competent evidence supports the district court's unchallenged findings of fact. The district court found and concluded plaintiff had met all statutory requirements and properly granted plaintiff an absolute divorce from defendant. The judgment appealed from is affirmed.

Affirmed.

Judges HUNTER and JACKSON concur.