A. E. GENTRY T/A A. E. GENTRY CONSTRUCTION v. DAULTON H. HILL AND
WIFE, MRS. DAULTON H. HILL, T/A BIG D LOUNGE

No. 8121DC834

(Filed 4 May 1982)

**Rules of Civil Procedure § 60— motion to have judgments against one defendant
satisfied — properly granted**

 In an action by a contractor for materials and labor furnished defendants, the evidence supported the trial court's findings of fact and conclusions that the feme defendant was entitled to relief on summary judgment against her since neither her husband nor his attorney were agents of her and since her husband's attorney did not have her consent to enter summary judgment against her.

APPEAL by plaintiff from *Tanis, Judge.* Order entered 1 June 1981 in District Court, FORSYTH County. Heard in the Court of Appeals 1 April 1982.

On 30 January 1981, plaintiff filed suit against defendants, alleging, *inter alia,* that:

(1) defendants are engaged in the tavern business;

(2) plaintiff furnished materials and labor for the construction and renovation of the defendants' premises and business on or about December 1977;

(3) by a memorandum agreement signed by defendant Daulton Hill, dated 19 April 1979, defendants acknowledged a debt of $2,763.27 plus interest and agreed to pay on this account a 1½ percent service charge per month;

(4) defendants had made no payment on this account and owed plaintiff the sum of $3,951.39.

Defendants filed an answer through counsel, R. Lewis Ray, essentially denying their individual liability, alleging that any indebtedness was that of the Big D Lounge, Inc. Defendants further answered:

That the defendant, Mrs. Daulton H. Hill has had no connection with the Big D Lounge, Inc. and has not participated in any of its affairs, however, the plaintiff dealt with Daulton H. Hill in his representative capacity as agent of the lounge while he was acting within the scope of his employment and authority as manager.

Based on the pleadings, together with the memorandum agreement, the articles of incorporation of the Big D Lounge, affidavit of revocation of the charter of the Big D Lounge, and plaintiff's affidavit, the court granted summary judgment in favor of the plaintiff against both defendants. Shortly thereafter, defendant Mrs. Daulton H. Hill, also known as Precious Hill, moved the court pursuant to Rule 60 of the North Carolina Rules of Civil Procedure to have the judgment against her set aside and that summary judgment be granted in her favor or in the alternative for a new trial. In support of her motion, defendant filed an affidavit in which she denied any association with her husband's business, denied any association with plaintiff, and denied signing any contract or making any oral agreement with the plaintiff. In her motion defendant admitted that articles of incorporation had been filed on behalf of the Big D Lounge, Inc. on 15 February 1975 with defendant Precious Hill listed as an incorporator and a member of the initial board of directors. The charter of the corporation was suspended in 1977 for failure to pay taxes and to file proper papers. Precious Hill's only connection with the business

consisted of her signature on the incorporation papers. R. Lewis Ray, the attorney who filed the answer on behalf of defendants, stated by affidavit that at no time was he authorized by Precious Hill to permit entry of summary judgment against her.

Based on the above information, the court concluded that neither Mr. Hill nor attorney Ray were agents of defendant Precious Hill; that attorney Ray did not have Precious Hill's consent to enter summary judgment against her; and that Precious Hill was entitled to a new trial in the matter. From this judgment, plaintiff appeals.

*Pettyjohn & Molitoris, by Theodore M. Molitoris, for plaintiff appellant.*

*Hutchins, Tyndall, Doughton & Moore, by Thomas W. Moore, Jr. and H. Lee Davis, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiff offers the following arguments in support of his position:

1. Defendant Precious Hill failed to show that counsel of record lacked the requisite authority to consent to the entry of summary judgment against her.

2. Precious Hill failed to show excusable neglect in that she did not give her defense the attention which a person of ordinary prudence usually gives important business.

3. Precious Hill did not have a meritorious defense.

N.C.R. Civ. P. 60 states in pertinent part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . . .
>
> (6) Any other reason justifying relief from the operation of the judgment.

Upon hearing of a Rule 60 motion, the findings of fact by the trial court are conclusive on appeal if supported by any competent evidence. *Schloss v. Jamison*, 258 N.C. 271, 128 S.E. 2d 590 (1962). The granting of the motion is within the sound discretion of the trial court. *Greenhill v. Crabtree*, 45 N.C. App. 49, 262 S.E. 2d 315, *aff'd praesumitur pro negante*, 301 N.C. 520, 271 S.E. 2d 908 (1980); *Trucks, Inc. v. Greene*, 34 N.C. App. 279, 237 S.E. 2d 862 (1977). Appellate review is limited to a determination of whether the court abused its discretion; that is, whether the facts found support the legal conclusion that the party is entitled to relief from judgment for one of the enumerated reasons set out under the rule. *In re Snipes*, 45 N.C. App. 79, 262 S.E. 2d 292 (1980).

Upon the record before us, we find that the evidence amply supports the trial court's findings of fact. Nor has plaintiff excepted to the findings. Therefore, they are conclusive on appeal. *Durland v. Peters, Comr. of Motor Vehicles*, 42 N.C. App. 25, 255 S.E. 2d 650 (1979).

The trial court found as a fact that neither Mr. Daulton nor attorney R. Lewis Ray were agents of Precious Hill and that she never consented to the entry of summary judgment against her. No presumption arises from the mere fact of the marital relationship that a husband is acting as the agent of his wife. *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828 (1954). There is, in North Carolina, a presumption in favor of an attorney's authority to act for the client he professes to represent. *Greenhill, supra.* The burden is on the "client" to rebut the presumption, and if successful, she is entitled to relief from judgment so entered. *Bank v. Penland*, 206 N.C. 323, 173 S.E. 345 (1934). In *Penland*, defendant offered evidence tending to show that she had not employed counsel to represent her in the matter of a consent judgment rendered against her; that the attorneys who signed the judgment had not been authorized to do so; that she was not present at the hearing; and that although she had filed an answer denying liability, she neither agreed nor authorized anyone to agree to the judgment. In the case sub judice, defendant's evidence, specifically her affidavit and that of attorney Ray, compel the conclusion that Mr. Ray was not authorized to consent to entry of summary judgment against Precious Hill. By so holding, we are not required to rule on the merits of Precious

Hill's defense. *See Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897 (1961).

Affirmed.

Judges MARTIN (Robert M.) and WHICHARD concur.