EVELYN H. POSTON AND JANICE E. POSTON v. ROY G. MORGAN

No. 8618SC452

(Filed 18 November 1986)

**Rules of Civil Procedure § 60— attorneys' blunders—relief from order allowed— motion timely**

Where, because of procedural blunders made by some of the attorneys representing plaintiffs, plaintiffs never had a full hearing on the merits of any of their claims with regard to ownership of their ancestral homeplace and its contents, the trial court abused its discretion in denying plaintiffs' motion to modify a prior court order which granted summary judgment for defendant on real property and slander claims and which permanently enjoined plaintiffs from instituting any more lawsuits against defendant based on events arising out of the original land transaction, except for a personal property case and an appeal which might be taken in a fraudulent conveyance case. Moreover, plain-

tiffs filed their motion to modify within a reasonable time within the meaning of N.C.G.S. § 1A-1, Rule 60(b) where the order in question was entered on 30 March 1984 and the motion to modify was filed on 1 April 1985; because of a weekend and a holiday, the motion was filed within one year of entry of the order; there was no one year requirement imposed pursuant to Rule 60(b)(5) and (6), the rule under which plaintiffs were entitled to relief; it was not until 26 November 1984 that plaintiffs' petitions for certiorari were denied and plaintiffs' avenues for any review were closed; and the period of time between 26 November 1984 and 1 April 1985 was not an unreasonable amount of time to elapse so as to preclude relief under Rule 60(b)(5) and (6).

APPEAL by plaintiffs from *Albright, Judge.* Order entered 28 January 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 August 1986.

*William F. May for plaintiff appellants.*

*Graham, Miles & Bogan, by James W. Miles, Jr., for defendant appellee.*

BECTON, Judge.

The defendant, Roy Morgan, has been named as a party in several lawsuits in which the plaintiffs, Evelyn Poston and Janice Poston, have sought to litigate the ownership of their 25-plus-acre ancestral homeplace in Jamestown, North Carolina.

In resolving this appeal, we have trekked through a ten-year procedural maze, reviewed the trial court's actions in at least four bitterly contested cases, and considered whether plaintiffs, who lost the right either to prosecute some of their claims at trial or to perfect some of their appeals due to attorney neglect, are entitled to the relief they seek. We conclude, based on the record before us and the applicable law, that the judgment of the trial court, which effectively prevented plaintiffs' further pursuit of any of their claims, should be reversed.

I

*Procedural and Factual History*

In the seminal case filed in 1976, plaintiff, Evelyn Poston, sought to reform a 1974 deed into a mortgage. Mrs. Poston contended that the paper she executed in favor of Morgan-Schultheiss, Inc., was a loan instead of a sale. This real property case was ultimately dismissed for failure to prosecute when Mrs. Pos-

ton's attorney failed to proceed with the trial. Mrs. Poston then unsuccessfully sought appellate review by the North Carolina and United States Supreme Courts.

In 1979, plaintiffs filed a personal property action to restrain Morgan from seizing personal property from their ancestral homeplace and to recover the personal property which had already been removed. Morgan's motion for summary judgment was eventually granted in 1984.

In 1980, plaintiffs filed a fraudulent conveyance action when some of the land in question was conveyed to Morgan by Morgan-Schultheiss, Inc. Later in 1980, plaintiffs also filed a slander suit, contending that Morgan defamed them by saying, among other things, that plaintiffs had Morgan's wife arrested for picking flowers and removing other items from the old Poston homeplace after being forbidden to do so. On 30 March 1984 the trial court granted Morgan's motions for summary judgment in the fraudulent conveyance case and the slander case. Further, the trial court entered an order permanently enjoining plaintiffs from instituting any more lawsuits against Morgan-Schultheiss, Inc. or the individual Morgans or reopening any old lawsuit based upon events arising out of the 1974 land transaction, excepting from inclusion therein the personal property case and any appeal which may be taken in the fraudulent conveyance case.

From the orders granting summary judgment in the personal property case, the fraudulent conveyance case, and the slander case, plaintiffs filed timely notices of appeal. Plaintiffs also timely appealed the denial of their Motion for Relief and Motion to Add Additional Parties in the real property case. Those motions had been filed on 28 May 1982 but were not ruled upon until 30 January 1984. Unfortunately, plaintiffs' new attorney on appeal, despite representations to the contrary, did not perfect plaintiffs' appeals. Those four appeals were dismissed in August 1984.

In their continuing effort to get some of their claims before a jury, plaintiffs on 1 April 1985 filed a Motion to Modify Order Granting Defendant's Motion for Summary Judgment. By that motion, plaintiffs sought to modify the 30 March 1984 injunction so they could file both a motion to rehear the Motion for Relief in the real property case and a motion to rehear the summary judgment motion in the personal property case. On 28 January 1986

the trial court denied plaintiffs' latest motion, and plaintiffs appealed to this Court.

## II

*Issues*

Plaintiffs styled their two questions for review as follows:

    1. DID THE TRIAL COURT ERR IN FINDING THAT THE PLAINTIFFS HAVE FILED AT LEAST TEN SEPARATE CIVIL ACTIONS AGAINST DEFENDANT ARISING OUT OF A CERTAIN TRACT OF LAND LOCATED IN JAMESTOWN, NORTH CAROLINA AND THAT ACTION NO. 76 CVS 1402 WAS ONE OF SUCH ACTIONS?

    2. DID THE TRIAL COURT ERR IN CONCLUDING THAT PLAINTIFFS FAILED TO PRESENT SUFFICIENT EVIDENCE OF ANY REASONS FOR GRANTING RELIEF FROM JUDGMENT OR ORDER AS SET FORTH IN RULE 60(b) OF THE NORTH CAROLINA RULES OF CIVIL PROCEDURE; IN CONCLUDING THAT PLAINTIFFS FAILED TO FILE MOTION TO MODIFY ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHIN A REASONABLE TIME NOR WITHIN ONE YEAR AFTER JUDGMENT; AND IN DENYING PLAINTIFFS' MOTION TO MODIFY ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT?

## III

*Analysis*

A. Suggesting that the trial court exercised no discretion, took "the easy way out," and failed to consider their claim adequately, plaintiffs first contend that the trial court erred in finding that they had filed ten separate civil actions against Morgan when, in fact, one of the ten civil actions in which the plaintiffs and Morgan were parties had been filed by High Point Bank and Trust Company. We summarily reject this argument. First, it is clear from the record that the trial court sought only to identify the number of actions relating to the 1974 land transaction to which the plaintiffs and defendants had been parties. Second, even if the trial court erred, plaintiffs have failed to show, and, indeed, have made no argument, that the trial court's finding denied them any right or that the result would have been different had this finding not been made. Based on our review of the record, we find no harmful or prejudicial error which amounts to a

denial of a substantial right. *See Whaley v. Washburn*, 262 N.C. 623, 138 S.E. 2d 291 (1964).

B. Based on seven numbered findings of fact which merely chronologize the procedural history of the case from 30 March 1984 to 11 April 1985 (i.e., Entry of Summary Judgment; Notice of Appeal; Extension of Time to Serve Proposed Record; Order Dismissing Appeal; Denial of Certiorari by Court of Appeals; Motion to Modify; and Denial of Certiorari by Supreme Court) and on an eighth finding that "plaintiffs have filed at least ten separate civil actions against the defendant," the trial court concluded:

. . .

3. The plaintiffs have failed to present sufficient evidence of any reasons for granting relief from Judgment or Order as set forth in Rule 60(b) of the North Carolina Rules of Civil Procedure.

4. The plaintiffs' Motion to Modify Order Granting Defendant's Motion for Summary Judgment was not filed or served within a reasonable time nor within one year after the judgment as required by Rule 60(b) of the North Carolina Rules of Civil Procedure.

. . .

Plaintiffs' Motion to Modify was made "pursuant any applicable provisions of Rules 59 or 60 of the North Carolina Rules of Civil Procedure and pursuant to the inherent power of the court to modify it's [sic] judgments." Plaintiffs have not pursued their claim for relief under Rule 59. Furthermore, plaintiffs did not allege mistake, inadvertence, surprise, excusable neglect, or fraud, and, therefore, Rule 60(b)(1), (2), and (3) are inapplicable. Nor did plaintiffs allege that the Order granting summary judgment was void, or had been satisfied, released or discharged as provided in Rule 60(b)(4) and (5). Instead, plaintiffs now rely on a portion of Rule 60(b)(5) which provides that a party may be relieved of a judgment if "it is no longer equitable that the judgment have prospective application," and on Rule 60(b)(6) which allows relief for "any other reason justifying relief from the operation of the judgment."

Unquestionably, North Carolina courts have the equitable powers to dissolve or modify, on the ground of change in circum-

stance, the type of injunction contained in the order granting defendant Morgan's Motion for Summary Judgment. *McGuinn v. High Point*, 219 N.C. 56, 135 S.E. 2d 48 (1941). *See also, United States v. Swift & Co.*, 286 U.S. 106, 114, 76 L.Ed. 999, 1001, 52 S.Ct. 460, 462 (1932). So we now review the evidence before the trial judge.

By 22 June 1984, plaintiffs had replaced their original attorney with another attorney, Mr. Lomas, to perfect the appeal in all four of their cases. Mr. Lomas failed to get the record settled in the real property case; failed to file the record in the slander and personal property cases; made false representations to plaintiffs that he was perfecting the appeals; and, when defendant's attorneys filed motions to dismiss the appeal, falsely represented that defendant's attorneys had agreed to withdraw their motions. He then left town the week that the motions were scheduled for hearing. As a result, plaintiffs' appeals in all four cases were dismissed in August 1984, and plaintiffs' petitions for writs of certiorari in all four cases were denied by this Court on 26 November 1984.

Because of procedural blunders made by some of the attorneys representing plaintiffs, plaintiffs have never had a full hearing on the merits of any of their claims. Following adverse rulings in the trial court, avenues of appeal were still available to plaintiffs. However, through gross neglect by their attorneys, and through no fault of their own, those avenues of appeal have been cut off. We agree with plaintiffs' statement in their brief that a "substantial change of facts and circumstances [exists] so as to make it appropriate that the plaintiffs be allowed to pursue motions for rehearing in the real property and personal property cases." In our view, plaintiffs have shown a basis for relief under Rule 60(b)(5) and (6). The trial court abused its discretion in denying plaintiffs' motion to modify a prior court order which, although finding that further suits by plaintiffs would be vexatious as a matter of law, excepted from inclusion within its ambit the personal property case.

We also conclude that plaintiffs filed their motion to modify within a reasonable time within the meaning of Rule 60(b). The order granting defendant's motions for summary judgment and enjoining plaintiffs from bringing certain lawsuits against defend-

ants was entered on 30 March 1984. Thirty March 1985 was a Saturday, and the next day that was not a Saturday, Sunday, or legal holiday, was Monday, 1 April 1985. Therefore, even if it were necessary for plaintiffs to have filed their motion to modify within one year of the 30 March 1984 order within the meaning of Rule 60(b)(1), (2) or (3), plaintiffs did so. More importantly, however, Rule 60(b)(5) and (6) does not have a "one year" requirement. It was not until 26 November 1984 that plaintiffs' petitions for writs of certiorari were denied by this Court. It was at that time that plaintiffs' hopes for getting the four appeals back on track were frustrated. On the facts of this case, we hold that the period of time between 26 November 1984 and 1 April 1985 is not an unreasonable amount of time to elapse so as to preclude relief under Rule 60(b)(5) and (6).

Based on the foregoing, the order entered 28 January 1986 by Judge Albright denying plaintiffs' motion to modify Judge Hairston's 30 March 1984 Order granting defendant's motion for summary judgment is reversed.

Reversed.

Judges JOHNSON and COZORT concur.