SHEILA D. ROYAL, Plaintiff-appellee v. JACK AMOS HARTLE and wife, ANJA HARTLE, Defendants-appellants

No. COA00-897

(Filed 17 July 2001)

**1. Judgments— consent judgment—motion to set aside— unauthorized action by attorney**

   The trial court did not abuse its discretion by denying defendants' Rule 60(b)(4) motion to stay and vacate a memorandum of consent order signed by a trial judge where defendants contended that their attorney had agreed to the settlement without their consent. A party seeking to set aside a consent judgment has the burden of overcoming the presumption that counsel had the authority to enter the judgment on behalf of the client; an affidavit from this attorney stating that he lacked that authority was properly excluded as not duly served and defendants did not overcome their burden of proof.

**2. Civil Procedure— Rule 60 motion to set aside consent judgment—signed without client's consent—not gross negligence**

   The trial court did not abuse its discretion by refusing to vacate a consent judgment under N.C.G.S. § 1A-1, Rule 60(b)(6) where defendants contended that their attorney signed the judgment without their consent and that this amounted to gross negligence.

Appeal by defendants from judgment entered 6 June 2000 by Judge Jeannie R. Houston in Yadkin County District Court. Heard in the Court of Appeals 22 May 2001.

*McElwee Firm, PLLC, by John M. Logsdon, for plaintiff-appellee.*

*Blanco Tackaberry Combs & Matamoros, P.A., by George E. Hollodick and Leigh Anne P. Miller, for defendants-appellants.*

BRYANT, Judge.

Plaintiff brought this suit alleging that defendants had interfered with her access easements across defendants' property. The parties disagreed over the size and location of the access easements. At a

hearing on 13 December 1999, the trial court appointed surveyor John Overbey to locate and stake the described easements.

On 20 March 2000, prior to a scheduled hearing on plaintiff's motion for a preliminary injunction, plaintiff and her attorney met with Warren Kasper, attorney for the defendants, and reached an agreement by which plaintiff agreed to release one easement in exchange for defendants permitting the broadening of the other easement along an existing soil road from 25 to 30 feet and allowing the installation of utilities within this easement. Kasper, representing that he had authority to settle the dispute on behalf of the defendants, signed a memorandum of consent order along with plaintiff and her counsel. The order was then signed and entered by the Honorable Jeannie R. Houston.

Defendants contended they were unaware of the scheduled hearing and that they did not give Kasper authority to sign the consent order settling their case. On 12 April 2000, defendants, having learned that Kasper executed the consent order without their knowledge or consent, retained new counsel, and filed a motion to stay and vacate the memorandum of consent order pursuant to Rules 60(b)(4) and (6) of the North Carolina Rules of Civil Procedure.

Defendants offered affidavits signed by Jack Hartle, who denied that he had consented to the agreement entered into by Kasper, and by his mother, Ann Hartle, who stated that Kasper had offered to rescind the order. After reviewing the affidavits, the trial court concluded as a matter of law that the defendants had not met their burden of proof under either Rule 60(b)(4) or Rule 60(b)(6) and denied the defendant's motion to vacate the memorandum of consent order. From that order, defendants filed a notice of appeal on 8 June 2000.

On appeal, defendants contend the trial court erred in finding that the consent order was not void pursuant to Rule 60(b)(4); and in finding that necessary extraordinary circumstances did not exist to justify relief under Rule 60(b)(6). The findings of fact by the trial court are binding on appeal if supported by competent evidence. *Gentry v. Hill*, 57 N.C. App. 151, 154, 290 S.E.2d 777, 779 (1982). "The granting of [a Rule 60] motion is within the sound discretion of the trial court. (citations omitted). Appellate review is limited to a determination of whether the court abused its discretion . . . . (citation omitted)." *Id. See generally White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("A trial court may be reversed for abuse of dis-

cretion only upon a showing that its actions are manifestly unsupported by reason. . . . [A]nd will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision."). We find no abuse of discretion and affirm the trial court's holding.

## I. Rule 60(b)(4)

**[1]** Rule 60(b)(4) provides that a party or his legal representative may be relieved from a final judgment, order, or proceeding if the judgment is void. N.C.G.S. § 1A-1, Rule 60(b)(4). A judgment may be declared void if the issuing court has no jurisdiction over the parties or subject matter of the action, or if the court has no authority to render the judgment entered. *Ottway Burton, P.A. v. Blanton*, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992).

Without his client's consent, an attorney has no inherent authority to enter into a settlement agreement that is binding on his client. *Morgan v. Hood*, 211 N.C. 91, 93, 189 S.E. 115, 116 (1937). *See Howard v. Boyce*, 254 N.C. 255, 263, 118 S.E.2d 897, 903 (1961) ("An attorney has no inherent or imputed power or authority to compromise his client's cause or consent to a judgment which gives away the whole corpus of the controversy. (citation omitted). To compromise his client's cause or enter a consent judgment with respect thereto, an attorney must be so authorized."). Thus, the trial court's authority to enter the consent order hinges on whether the defendants' counsel had authority to sign the order.

Defendants in this case argue they did not authorize Kasper to enter into the consent judgment, and it should, therefore, be set aside as void. However, when counsel enters into a consent judgment on behalf of his client, he is presumed to have authority to do so, and the order is presumptively valid. *Greenhill v. Crabtree*, 45 N.C. App. 49, 52, 262 S.E.2d 315, 317, *rev. allowed*, 300 N.C. 196, 269 S.E.2d 617, *aff'd*, 301 N.C. 520, 271 S.E.2d 908 (1980). A party seeking to set aside the consent judgment has the burden of overcoming this presumption by proving to the satisfaction of the court that the attorney did not have the requisite authority. *Id.*

In North Carolina, whether a consent judgment should be set aside because it was entered without a party's authority, consent, or knowledge requires application of the following principles:

> (1) the general desirability that a final judgment not be lightly disturbed, (2) where relief is sought from a judgment of dismissal

or default, the relative interest of deciding cases on the merits and the interest in orderly procedure, (3) the opportunity the movant had to present his claim or defense, and (4) any intervening equities.

*McGinnis v. Robinson*, 43 N.C. App. 1, 10, 258 S.E.2d 84, 90 (1979) *quoting Standard Equipment Co. Inc., v. Albertson*, 35 N.C. App. 144, 147, 240 S.E.2d 499, 501-02 (1978).

Here, Kasper was the defendants' attorney and represented to the plaintiff and the trial court that he had the necessary authority to sign the consent order on behalf of the defendants. The only evidence properly before the trial court was the affidavits of Jack Hartle and Ann Hartle. Although Kasper submitted a signed affidavit stating he did not have consent to enter into the contested agreement, the trial court properly excluded it as evidence because the affidavit had not been duly served before trial. After reviewing the evidence, the trial court decided that defendants had not overcome their burden of proof as a matter of law. *Cf. Gentry*, 57 N.C. App. at 154, 290 S.E.2d at 780 (finding sufficient evidence to rebut the presumption of authority where both the plaintiff and his attorney entered affidavits denying that the attorney had the necessary consent). It appears defendants did not object at the hearing to the trial court's exclusion of the affidavit of Kasper, nor did they assign as error on appeal the affidavit's exclusion. Accordingly, we find that the trial court did not abuse its discretion in ruling that defendants did not overcome their burden of proof in this case.

## II. Rule 60(b)(6)

[2] Defendants also contend that Kasper's action in signing the consent order without the proper authority amounts to gross negligence (or neglect) and that they should be relieved from the consent judgment pursuant to Rule 60(b)(6). Rule 60(b)(6) permits the trial court to set aside a judgment or order "for any reason justifying relief from the operation of the judgment." N.C.G.S. § 1A 1-1, Rule 60(b)(6).

This Court has held "[t]he setting aside of a judgment pursuant to . . . Rule 60(b)(6) should only take place where (i) extraordinary circumstances exist and (ii) there is a showing that justice demands it. . . . In addition to these requirements, the movant must also show that he has a meritorious defense." *State ex rel. Environmental Management Comm'n v. House of Raeford Farms, Inc.*, 101 N.C.

App. 433, 448, 400 S.E.2d 107, 117 (1991), *reversed on other grounds,*
*House of Raeford Farms, Inc. v. State ex rel. Environmental*
*Management Comm'n,* 338 N.C. 262, 449 S.E.2d 453 (1994). Errors
made by a party's counsel may serve as a basis for setting aside a
judgment under Rule 60(b)(6) if the errors amount to gross neglect.
*See Poston v. Morgan,* 83 N.C. App. 295, 300, 350 S.E.2d 108, 111
(1986) (stating because of attorneys' procedural blunders and gross
neglect, plaintiffs never had a full hearing on the merits of their
claims and plaintiffs' avenues of appeal were cut off therefore plain-
tiffs have shown a basis for relief under Rule 60(b)(5) and (6).

Gross neglect on the part of a party's counsel was found in
*Poston,* where one attorney: 1) failed to perfect appeals in four dif-
ferent cases; 2) failed to file the record in two other cases; 3) failed to
appear at scheduled hearings; and 4) made false representations as to
the status of these cases—all of which resulted in his client's being
deprived of all avenues of appeal. *Id.*

In the case *sub judice,* defendants failed to establish a meritori-
ous defense or to provide evidence showing gross neglect on the part
of Kasper. The only evidence defendants advance to support their
Rule 60(b)(6) argument is that the consent order grants plaintiff a
utility easement which she did not ask for in her initial complaint.
However, this evidence is unpersuasive. We can find no evidence to
support a finding of a meritorious defense or gross neglect as defend-
ants did not show that Kasper committed errors amounting to gross
neglect.

We hold that the trial court did not abuse its discretion in refus-
ing to vacate the consent judgment under either Rule 60(b)(4) or Rule
60(b)(6).

Affirmed.

Judges GREENE and TIMMONS-GOODSON concur.