BERNICE G. SURLES, Plaintiff v. JUNIOUS M. SURLES, JR., Defendant

No. COA01-1583

(Filed 19 November 2002)

**Divorce— equitable distribution—life insurance policy—Rule 60(b) motion**

The trial court did not abuse its discretion in an equitable distribution case by denying defendant's N.C.G.S. § 1A-1, Rule 60(b) motion for relief from the trial court's judgment giving plaintiff

wife absolute ownership and exclusive possession of defendant husband's life insurance policy, because: (1) there is no merit to defendant's argument that the trial court's denial of his motion was arbitrary or patently unfair when the trial court determined that defendant had separate property worth over $250,000 and that plaintiff had separate property worth under $30,000; (2) affirmation of the trial court's order will not amount to a substantial miscarriage of justice; and (3) contrary to defendant's contention, there was no clerical error to correct regarding the intention of the trial court to award the surrender value of the life insurance policy versus the fair market value of the policy when the trial court found as fact that it would have spelled out clearly in the order if it wanted to give the cash value of the life insurance policy, and the trial court also noted that it did not award plaintiff alimony based in large part on giving her the ownership of the life insurance policy.

Judge GREENE concurring.

Appeal by defendant from order entered 17 October 2001 by Judge A. Elizabeth Keever in District Court, Cumberland County. Heard in the Court of Appeals 17 September 2002.

*Hedahl and Radtke, by Debra J. Radtke, for plaintiff-appellee.*

*The Yarborough Law Firm, by Garris Neil Yarborough and Barry K. Simmons, for defendant-appellant.*

WYNN, Judge.

This appeal arises from the distribution of marital property following the divorce of Junious and Bernice Surles. On appeal, Mr. Surles presents one issue: In denying his Rule 60(b) motion, did the trial court err by finding that the distributive judgment awarded Ms. Surles the "surrender value" of Mr. Surles' life insurance policy ($32,617.92,), rather than the estimated fair market value of the policy ($192,617.92)? We answer, no, and therefore uphold the trial court's denial of the Rule 60(b) motion.

In September 1998, Ms. Surles brought an equitable distribution action that resulted in a 7 December 2000 property distribution judgment in which the trial court made the following relevant findings of fact:

SURLES v. SURLES

[154 N.C. App. 170 (2002)]

XVI. [T]he defendant purchased a life insurance policy through Protective Life Insurance. . . . [T]he Court finds that the life insurance had a cash value as of the date of separation of $32,617.92, and the Court finds that this is marital property.

. . . .

XXI. [T]he Court finds there should be an unequal division [of marital property].

Based on these findings of fact, the trial court awarded Ms. Surles "absolute ownership and exclusive possession of" Mr. Surles' life insurance policy.

In an attempt to satisfy that part of the judgment, Mr. Surles presented to Ms. Surles a check for $32,617.92. However, Ms. Surles refused the check, demanding instead, the transfer of the life insurance policy. Mr. Surles canceled the check, and presented to her another check in the same amount. In response, Ms. Surles filed a Contempt Motion against Mr. Surles for his failure to transfer the policy. Shortly thereafter, Mr. Surles filed a Motion for Relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b).

In his Rule 60(b) Motion, Mr. Surles argued that the 7 December 2000 judgment distributing the marital property should be reformed because of a clerical mistake. Specifically, Mr. Surles noted that the trial court consistently referred to the life insurance policy as having a surrender value of $32,617.92. However, Mr. Surles argued that because of his age, seventy-seven years old, the policy had a fair market value of $192,617.92. Mr. Surles' attorney argued that:

> This would increase the total value of the marital property by $160,000, with [Ms. Surles] taking 100% of the increase. Simple arithmetic reveals that [Ms. Surles'] share of the marital property would then increase [from 58%] to a whopping 74%, with [Mr. Surles'] share plummeting [from 42%] to 26%. Given the factors the Court [considered] . . . it is difficult to imagine that the Court intended an outcome so unfavorable to [Mr. Surles].

In the alternative, Mr. Surles argued the judgment should be set aside because of surprise, excusable neglect, and fairness. Mr. Surles argued that "no reasonable person could review the Court's Findings of Fact . . . and conclude that a $250,000 award from [Mr. Surles to Ms. Surles] is fair by any stretch of the imagination and the facts . . . as contained in the record."

**SURLES v. SURLES**

[154 N.C. App. 170 (2002)]

On 17 October 2001, District Court Judge A. Elizabeth Keever, the same judge who issued the challenged judgment, denied Mr. Surles' Rule 60(b) Motion and found that:

8. If the Court had only wanted to give the cash value of [the] life insurance policy to [Ms. Surles] the order would have spelled that out clearly and would have raised the amount of the distribution award.

9. In addition, the Court did not award [Ms. Surles] alimony based in large part on giving her the ownership of the Protective Life Insurance Policy.

From that denial, Mr. Surles appeals to this Court.

We note, at the onset, that Mr. Surles presents arguments arising from the 7 December 2000 equitable distribution judgment that: (1) "the *trial court's judgment property distribution* failed to give Mr. Surles adequate notice of its intended effect"; (2) "the impact of the *trial court's judgment property distribution* is too arbitrary to have been the result of a reasoned decision"; (3) "the *trial court* initially did intend that Ms. Surles get the cash surrender value" of the life insurance policy; and (4) "the *trial court's decision* is unfair." These arguments are not properly before this Court. Mr. Surles lost his right to appeal the 7 December 2000 judgment by failing to timely appeal from it. Rather, Mr. Surles is currently before this Court appealing the trial court's denial of his Rule 60(b) motion. On an appeal from a Rule 60(b) motion, Mr. Surles is limited to arguing that the trial court abused its discretion in denying that motion.[1] Mr. Surles may argue that the judgment underlying the Rule 60(b) motion is erroneous only insofar as the error demonstrates the trial court's abuse of discretion

---

1. When reviewing a trial court's equitable discretion under Rule 60(b)(6), "[o]ur Supreme Court has indicated that this Court cannot substitute 'what it consider[s] to be its own better judgment' for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it 'probably amounted to a substantial miscarriage of justice.' " *State ex rel. Environmental Management Comm'n v. House of Raeford Farms, Inc.*, 101 N.C. App. 433, 448, 400 S.E.2d 107, 117 (1991) (quoting *Worthington v. Bynum*, 305 N.C. 478, 486-87, 290 S.E.2d 599, 604-05 (1982)). "The findings of fact by the trial court are binding on appeal if supported by competent evidence." *Royal v. Hartle*, 145 N.C. App. 181, 182, 551 S.E.2d 168, 170 (2001). Furthermore, "[a] judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980); *see e.g., White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985); *Harris v. Harris*, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983). Thus, when considering an appeal of a Rule 60(b) motion order, "[a]ppellate review is limited to a determination of whether the court abused its discretion." *Hartle*, 145 N.C. App. at 182, 551 S.E.2d at 170.

in denying the Rule 60(b) motion. Because Mr. Surles fails to cast his arguments correctly, we will consider and address his arguments only insofar as the arguments place the trial court's discretion in issue in denying the Rule 60(b) motion.

First, Mr. Surles contends that the trial court's denial of his 60(b) motion was not the product of a reasoned decision. In denying Mr. Surles' motion, the court made the following pertinent Findings of Fact:

5. At the hearing on September 27, 2000, the Court found that the life insurance policy with Protective Life Insurance was marital property.

6. The Court, in its ruling on the issue of Equitable Distribution, was required to place a value on the policy. The life insurance policy was a whole life policy and the Court used the cash value on the date of separation. The Court further realized that the premiums were not fully paying the cost of the policy [and] the cash value would be reducing each month. Such reduction over time could have a significant impact on the face value or cash value of the policy.

7. In reaching the ultimate division of the parties' marital estate, the Court took into consideration [Mr. Surles'] separate property value. There were significant contested issues as to whether the property was marital or separate, the court found a bulk of the estate to be separate property.

8. Based on that significant factor and other factors the Court determined how to equitably divide the rest of the property. If the Court had only wanted to give the cash value of [the] life insurance policy to [Ms. Surles] the order would have spelled that out clearly and would have raised the amount of the distribution award.

These findings of fact are supported by competent evidence. The record indicates that the trial court determined that Mr. Surles had separate property worth over $250,000 and that Ms. Surles had separate property worth under $30,000. Moreover, affirmation of the trial court's order will not "probably amount[] to a substantial miscarriage of justice." Therefore, we find no merit to Mr. Surles' argument that the trial court's denial of his Rule 60(b) motion was arbitrary, not reasoned, or patently unfair.

Second, Mr. Surles argues that the trial court intended to award Ms. Surles $32,617.92, the surrender value of the life insurance policy, and not $192,617.92, the fair market value of the policy. Mr. Surles contends that the trial court abused its discretion by failing to correct this clerical error. However, the trial court (the same court that entered the challenged judgment) responded to Mr. Surles' argument by finding as fact that:

> If the Court had only wanted to give the cash value of [the] life insurance policy to [Ms. Surles] the order would have spelled that out clearly and would have raised the amount of the distribution award.

The court also noted that it "did not award [Ms. Surles] alimony based in large part on giving her the ownership of the Protective Life Insurance Policy." Based on these findings of fact, we hold that the trial court did not abuse its discretion in failing to correct a non-existent clerical error. Accordingly, we uphold the trial court's denial of Mr. Surles' Rule 60(b) motion.

Affirmed.

Judge BIGGS concurs.

Judge GREENE concurs in separate opinion.

GREENE, Judge, concurring.

I agree with defendant that every life insurance policy has a fair market value that can be determined by a consideration of the amount and terms of the policy, the policy's cash surrender value, the insured's age, and the insured's general health. I further agree that the fair market value of a life insurance policy may exceed its cash surrender value. The law in North Carolina requires a life insurance policy, like any other asset (marital, separate, or divisible), to be valued at its fair market value. *See Patton v. Patton*, 78 N.C. App. 247, 255, 337 S.E.2d 607, 612 (1985), *rev'd in part on other grounds*, 318 N.C. 404, 348 S.E.2d 593 (1986). If either party contends the fair market value of a life insurance policy exceeds its cash surrender value, an expert opinion is required. *Cf. Thorpe v. Wilson*, 58 N.C. App. 292, 298, 293 S.E.2d 675, 679 (1982) (expert testimony required in wrongful death action because of the necessary reliance on probabilities).

In this case, the record does not show either party presented any expert testimony on the fair market value of the life insurance policy at issue.[2] Indeed, neither party contended at trial that the policy had a fair market value in excess of its cash surrender value. Accordingly, defendant cannot argue in a Rule 60(b) motion, or on appeal from the trial court's order in response thereto, that the trial court erred in distributing to plaintiff the ownership of defendant's life insurance policy with a value reflecting its cash surrender value. Thus, for this reason, the trial court correctly denied defendant's Rule 60(b) motion.

───────────

2. The sole issue before the trial court with respect to the policy was whether it constituted marital or separate property.