VENTERS v. ALBRITTON

[184 N.C. App. 230 (2007)]

CHRISTOPHER BRYAN VENTERS, Plaintiff v. JOHN ALBRITTON, Defendant

No. COA06-1261

(Filed 19 June 2007)

## 1. Judgments— motion to set aside default denied—service of process—sufficiency

The trial court did not err by denying defendant's motion pursuant to Rule 60(b)(4) to set aside an entry of default and a default judgment, made on the ground that the default had been obtained by the misrepresentation of plaintiff's counsel concerning service, where defendant had given a multitude of addresses that he provided to plaintiff and others involved, and the information available to plaintiff made the addresses appear to be proper. Plaintiff's attempts at service complied with N.C.G.S. § 1A-1, Rules 4 and 5.

## 2. Judgments— default—motion to set aside—service of process issues—no extraordinary circumstances

There were no extraordinary circumstances warranting defendant's relief from a default judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6) where defendant's motion was based on service of process issues, but the trial court's finding that defendant was given proper notice, intentionally refused to receive notices and knowingly refused to respond to interrogatories was supported by the evidence and was thus binding.

## 3. Process and Service— purposeful evasion—actual notice—due process satisfied

The requirements of N.C.G.S. § 1A-1, Rule 5(b) were met, along with defendant's right to due process and notice, where defendant purposefully used multiple addresses, purposefully avoided service, and had actual notice of the action.

## 4. Judgments— default—alleged flaws in service—default correctly entered

There was no basis for disturbing liens which resulted from a default judgment where defendant alleged flaws in the service of process and violations of due process, but the trial court properly found that the default judgment had been correctly and properly entered.

**5. Appeal and Error— preservation of issues—differing objections at trial and on appeal**

Defendant's argument that a print-out from the Secretary of State's website showing the address of his corporation was hearsay was not considered on appeal because his objection at trial was based on relevancy. Moreover, defendant testified to the same information.

**6. Evidence— introduction of same evidence—objection waived**

Defendant waived any objection to an affidavit concerning his address when he testified to the same information.

Appeal by defendant from order entered 27 April 2006 by Judge William C. Griffin, Jr., in Beaufort County Superior Court. Heard in the Court of Appeals 28 March 2007.

*Gaskins & Gaskins, P.A., by Herman E. Gaskins, Jr., for plaintiff-appellee.*

*William H. Dowdy, for defendant-appellant.*

JACKSON, Judge.

On 27 October 2004, Christopher Bryan Venters ("plaintiff") commenced a civil action against John Albritton ("defendant"). The action arose out of an automobile accident on 29 November 2003, in which plaintiff was the owner and driver of a vehicle which struck a horse owned by defendant. The summons in the case listed two addresses for defendant: 430 West Fourth Street, Washington, North Carolina ("430 W. 4th Street"); and 1018 East Fifth Street, Washington, North Carolina ("1018 E. 5th Street"). The record is unclear at which address plaintiff obtained service upon defendant of the summons and complaint on 4 November 2004. On 1 December 2004, defendant filed a Motion and Order for Extension of Time to answer. In his motion, defendant listed the address of 1018 East Fifth Street, Washington, North Carolina 27889, as his address. On 3 January 2005, defendant filed *pro se* a letter with the Beaufort County Clerk of Court generally denying any liability and specifically denying that the horse involved in the accident was his.

On 22 February 2005, the trial court mediator assigned to the case sent a letter to defendant at the 430 W. 4th Street address. Defendant then contacted the mediator's secretary and informed her that Post

Office Box 2102, Washington, North Carolina 27889 ("P.O. Box 2102") should be used as the address at which to contact him.

On 6 July 2005, plaintiff attempted to serve defendant with plaintiff's First Set of Interrogatories and Request for Production of Documents, via certified mail to the P.O. Box 2102 address. Defendant was given several notices of the mailing by the Post Office, however it went unclaimed, and was returned to plaintiff on 22 July 2005. Plaintiff made a second attempt to serve defendant with the discovery request on 28 July 2005, also via certified mail but to the 430 W. 4th Street address. Defendant again was given several notices of this mailing, and it too went unclaimed and eventually was returned to plaintiff on 17 August 2005.

Plaintiff filed a Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Request for Production of Documents on 8 September 2005, which was served on defendant via the 430 W. 4th Street address. The Notice of Hearing for plaintiff's motion was served via mail on defendant on this same date, and also to the 430 W. 4th Street address. Defendant failed to appear at the hearing on plaintiff's motion, and an Order compelling defendant to answer plaintiff's interrogatories was entered 20 September 2005, giving defendant until 10 October 2005 to comply with plaintiff's request for discovery. Defendant failed to comply with discovery as ordered.

A second Order compelling defendant to comply with plaintiff's request for discovery was signed on 17 October 2005, giving defendant until 17 November 2005 to answer plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant was served personally with this order on 4 November 2005 at his farm located at 6307 Highway 17 South, Chocowinity, North Carolina. Following service of the Order, defendant contacted plaintiff's counsel, went to counsel's office, and received a copy of plaintiff's discovery request. Defendant never responded to plaintiff's interrogatories.

On 18 November 2005, plaintiff filed a Motion to Strike Defendant's Pleadings, based upon defendant's failure to respond to plaintiff's First Set of Interrogatories and Request for Production of Documents. The motion, along with a Notice of Hearing on the motion, was served on defendant via mail at the 430 W. 4th Street address. The hearing on plaintiff's motion to strike defendant's pleadings was held 28 November 2005. Defendant failed to appear. The trial court ordered defendant's pleadings stricken, due to defendant's failure to comply with plaintiff's discovery requests

VENTERS v. ALBRITTON

[184 N.C. App. 230 (2007)]

and the trial court's orders to comply. The trial court then entered default against defendant.

Plaintiff filed a Motion for Default Judgment on 1 December 2005, and the motion, along with a notice of hearing, was served on defendant via mail to the 430 W. 4th Street address. At a hearing held on 15 December 2005, the trial court found that defendant had been served properly with plaintiff's complaint, default properly had been entered against defendant, and the sole remaining issue for the court's determination was the amount of damages due plaintiff. The trial court entered default judgment against defendant in the amount of $13,000.00.

On 17 April 2006, defendant filed a Motion for Preliminary Injunction and a Motion to Set Aside Entry of Default and Default Judgment, in hopes of stopping the upcoming 28 April 2006 auction and public sale of his property to satisfy the judgment against him. The basis of defendant's motions centered around the argument that he was never properly served with notice of the hearings on plaintiff's motion for default and default judgment. Defendant contended that plaintiff violated Rules 4 and 5 of our Rules of Civil Procedure, and he therefore was entitled to an injunction and to have the entry of default and default judgment set aside. Following a hearing on defendant's motions, and in an Order filed 27 April 2006, the trial court denied defendant's motions, and found that "defendant was given proper notice of the proceedings against him, that he intentionally refused to receive notices that were sent to him, and that he knowingly refused to respond to interrogatories after being ordered to do so by this Court." The trial court found that defendant's pleadings properly were stricken, default properly was entered against him, and default judgment properly was entered against him. Defendant now appeals from this order.

On appeal, the primary basis of defendant's argument is that the trial court erred in denying his motion to set aside entry of default and default judgment, pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. Rule 60(b) provides in pertinent part, that:

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

. . . or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005). Our courts have long held that " '[a] Rule 60(b) motion is addressed to the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of that discretion.' " *Creasman v. Creasman,* 152 N.C. App. 119, 124, 566 S.E.2d 725, 729 (2002) (quoting *Gibson v. Mena,* 144 N.C. App. 125, 128, 548 S.E.2d 745, 747 (2001)). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow,* 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

**[1]** Defendant first contends the trial court erred in denying his motion to set aside the entry of default and default judgment pursuant to Civil Procedure Rule 60(b)(3), on the ground that the entry of default and default judgment were obtained through plaintiff's counsel's "misrepresentation or other misconduct." Defendant argues that plaintiff's counsel's representation to the trial court that plaintiff had satisfied the service requirements of Civil Procedure Rules 4 and 5 was improper, in that counsel knew he had not properly served defendant with the pretrial discovery request, motion to compel discovery, motion to strike appellant's pleadings, motion for entry of default and subsequent default judgment, and notices of hearings for those motions.

Rule 4 of our Rules of Civil Procedure sets forth the procedure by which service may be achieved upon an individual person. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) (2005). Pursuant to Rule 4, service upon an individual may be achieved by means of sending the subject document by way of "registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (2005). Rule 5 of our Rules of Civil Procedure sets forth the manner in which service of orders, subsequent pleadings, discovery, and other notices and papers should be achieved. N.C. Gen. Stat. § 1A-1, Rule 5 (2005). Rule 5(b) specifically

provides that service may be made in the manner provided for by Rule 4, and that

> With respect to such other pleadings and papers, service upon the attorney or upon a party may also be made by delivering a copy to the party or by mailing it to the party at the party's last known address or, if no address is known, by filing it with the clerk of court.

N.C. Gen. Stat. § 1A-1, Rule 5(b) (2005).

At trial, the court record and evidence presented showed that service was attempted on defendant at four separate addresses: 430 W. 4th Street, 1018 E. 5th Street, P.O. Box 2102, and 6307 Highway 17 South. Defendant was personally served at 6307 Highway 17 South. Evidence presented also indicated that defendant owned the business Albritton Trucking Industry, Inc., which had listed as its principal mailing address and registered office with the Secretary of State's Office the address of 430 W. 4th Street. In his Motion and Order for an Extension of Time to File an Answer, defendant listed the address of 1018 E. 5th Street; however, defendant admitted that he did not reside at this address, nor had he lived there in more than three years. In February 2005, defendant contacted the mediator assigned to this case, apparently in response to a letter which the mediator had sent to defendant at the 430 W. 4th Street address. Additional evidence indicated that defendant provided the post office box address to the mediator assigned to this case; however, when service was attempted at this address, it was returned to plaintiff unclaimed by defendant. In November 2005, defendant was personally served with the trial court's Order compelling him to answer plaintiff's first set of interrogatories, and defendant subsequently visited plaintiff's counsel's office and obtained a copy of the discovery request. However, defendant still failed to comply with the trial court's order and never submitted any answer to plaintiff's request for interrogatories.

This Court has held that

> Where a defendant, especially one acting *pro se*, provides a mailing address in a document filed in response to a complaint and serves a copy of that filing on opposing counsel, he or she should be able to rely on receiving later service at that address; by the same token, opposing counsel (or a *pro se* party) may also rely on that address for service of all subsequent process and other communications until a new address is furnished.

*Barnett v. King,* 134 N.C. App. 348, 351, 517 S.E.2d 397, 400 (1999). However, the instant case is distinguishable from *Barnett.* In *Barnett,* the evidence indicated that plaintiff attempted service upon defendant at one address, and that in a responsive pleading defendant provided another address. The trial court held that plaintiff's failure to mail notice of the hearing to the address provided by defendant caused the notice to be ineffective. *Id.* In the instant case, the evidence indicated that defendant personally used four separate addresses at a variety of times during the pendency of this litigation. Defendant personally provided both the addresses of P.O. Box 2102 and 1018 E. 5th Street in conjunction with this matter, and his business registration with the Office of the Secretary of State lists 430 W. 4th Street. In addition, defendant was personally served with trial court's 7 November 2005 Order at the address of 6307 Highway 17 South in Chocowinity, North Carolina. Plaintiff attempted to serve defendant at three of the four addresses obtained for defendant, including the post office address he provided, however service could not be achieved. Also, at no time during the pendency of this action was any mail that was sent to the 430 W. 4th Street address ever returned to plaintiff. Moreover, the address listed in defendant's initial Motion for Extension of Time, 1018 E. 5th Street, was not defendant's actual physical home address, and in fact he had not resided at that address in more than three years. Thus, although typically a plaintiff should attempt service to an address that has been provided by a defendant, we hold that in the instant case, defendant purposefully sought to evade service, and plaintiff attempted service properly according to our statutory requirements.

Given that defendant had a multitude of addresses that he provided to plaintiff and others involved, and that the information available to plaintiff made the addresses appear to be proper, we hold plaintiff complied with the statutory requirements of Rules 4 and 5 in attempting to serve defendant with the various pleadings, discovery, notice of hearings, and orders. While defendant provided the address of 1018 E. 5th Street as his address, this was not the exclusive place at which service could be attained, moreover, it was not entirely proper that defendant be served here, as this was not his "last known address" given that he had not lived there in more than three years. Thus, there was not a "misrepresentation or other misconduct" as alleged by defendant, and the trial court properly denied defendant's motion to set aside the entry of default and default judgment.

Next, defendant argues the trial court erred in denying his motion to set aside entry of default and default judgment pursuant to Rule 60(b)(4), on the ground that the entry of default and default judgment were void, due to plaintiff's failure to comply with the service requirements of Civil Procedure Rules 4 and 5.

As we have held that plaintiff's attempts at service complied with Rules 4 and 5, we also hold that the orders granting entry of default and default judgment were not void pursuant to Rule 60(b)(4).

[2] Defendant next contends the trial court erred in denying his motion to set aside the entry of default and default judgment pursuant to Rule 60(b)(6), on the ground that plaintiff's failure to comply with the service requirements of Civil Procedure Rules 4 and 5 justified defendant's relief from the judgments.

Rule 60(b)(6) allows a trial court to grant relief from an order for "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). "The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted." *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987). This Court has held that:

> When reviewing a trial court's equitable discretion under Rule 60(b)(6), our Supreme Court has indicated that this Court cannot substitute what it considers to be its own better judgment for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it probably amounted to a substantial miscarriage of justice.

*Surles v. Surles*, 154 N.C. App. 170, 173 n.1, 571 S.E.2d 676, 678 (2002) (internal citations and quotations omitted). When a trial court's findings of fact are supported by competent evidence in the record, they are binding on appeal. *Royal v. Hartle*, 145 N.C. App. 181, 182, 551 S.E.2d 168, 170 (2001).

Defendant has failed to show that the order of the trial court is "unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley*, 348 N.C. at 547, 501 S.E.2d at 656. Based upon the evidence contained in the record, we hold the trial court's finding that "defendant was given proper notice of the proceedings against him, that he intentionally refused to receive notices that were sent to him, and that he knowingly refused

to respond to interrogatories after being ordered to do so by this Court" to be supported and thus binding on appeal. Thus, the trial court acted properly in denying defendant's motion to set aside the entry of default and default judgment, in that there were not extraordinary circumstances warranting defendant's relief from the judgments.

**[3]** Defendant also contends the trial court erred in denying his motion to set aside the judgments based upon Rule 60(b)(3), (4), and (5), in that plaintiff's counsel failed to notify defendant of any of the proceedings up to and including the default proceedings, he failed to serve defendant with pleadings in those proceedings, and he failed to comply with the service requirements of Rules 4 and 5. Defendant argues that these actions violated his constitutional rights to due process and notice of the proceedings against him.

As we previously have held that plaintiff complied with the service requirements of Rules 4 and 5, and that the trial court acted properly in denying defendant's various motions to set aside the judgments, we also now hold the trial court did not violate defendant's rights to due process and notice. Defendant purposefully used multiple addresses and left plaintiff not knowing which address was his proper address. Based upon the evidence in the record, there is sufficient evidence to support the trial court's finding that defendant purposefully avoided service. Defendant had actual notice of the action from the beginning, yet he failed to take action beyond filing his motion for an extension of time and his letter in which he denied liability. Even when the evidence showed defendant was served with an order of the trial court compelling him to comply with discovery, and provided a copy of the discovery request, defendant still failed to take any action. Each and every pleading, order, notice of hearing, and discovery request was filed with the Clerk of Court and service was properly attempted upon defendant. Thus, the requirements of Rule 5(b) were met, and defendant's right to due process and notice of the proceedings was not violated.

**[4]** Next, defendant contends the trial court erred by denying his motions to discharge the liens against his property on the ground that those liens resulted from plaintiff's non-compliance with Rules 4 and 5 of the North Carolina Rules of Civil Procedure, and that the liens resulted from violations of defendant's constitutional rights to due process, including the right to notice of proceedings and a hearing. As stated previously, the trial court properly found that default judg-

ment had been entered against defendant in a correct and proper manner. Thus, we hold there was no basis for disturbing the resulting liens, and the trial court did not err in denying defendant's motion to discharge the liens against his property.

**[5]** Finally, defendant argues the trial court erred (a) by admitting, over his objection, a printout from the Secretary of State's website, on the ground that the evidence was hearsay evidence, not within any exception to the hearsay rule, and was prejudicial, and (b) by admitting, over his objection, Kim Van Nortwick's affidavit, on the ground that the affidavit constituted hearsay evidence, not within any exception to the hearsay rule, and was prejudicial.

At the hearing on defendant's motion to set aside the entry of default and default judgment, plaintiff attempted to enter into evidence a copy of a page from the Secretary of State's website showing the business corporation information for defendant's business, Albritton Trucking Industry, Inc. The printout from the website is dated 16 December 2003, and lists the status of defendant's corporation as "Current-Active." The corporation's registered office address and principal mailing address are 430 W. 4th Street, Washington, NC 27889, and the registered mailing address is listed as 1018 E. 5th Street, Washington, NC 27889. Defendant objected to this evidence on the basis of relevancy, stating that the evidence showed the address of a corporation, not necessarily the address of defendant. The trial court overruled defendant's objection. On appeal, defendant contends the trial court erred, in that the document was hearsay, in that it was being offered for the truth of the matter asserted, in other words, to prove that defendant used the 430 W. 4th Street address.

During the hearing, and before the introduction of this information from the Secretary of State's website, defendant testified to this precise information, and specifically that he had provided this information to the Secretary of State. Defendant did object to this information, but only on the basis of its relevancy, not on hearsay grounds. "This Court has long held that issues and theories of a case not raised below will not be considered on appeal." *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001); *see also Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) (where theory argued on appeal was not raised before the trial court, "the law does not permit parties to swap horses between courts in order to get a better mount" before an appellate court). At trial defendant argued that this information was not relevant to the

issue at hand, however we find the information to be entirely relevant, in that it establishes defendant's use of the 430 W. 4th Street address. On appeal defendant attempts to argue that this information constitutes impermissible hearsay. We will not address defendant's new argument on appeal. Also, it is the well-established rule that the admission of evidence without objection waives any prior or subsequent objection to the admission of evidence of a similar character. *State v. Campbell*, 296 N.C. 394, 399, 250 S.E.2d 228, 231 (1979); *Moore v. Reynolds*, 63 N.C. App. 160, 162, 303 S.E.2d 839, 840 (1983). Thus, we hold the trial court properly denied defendant's later objection to this information.

[6] At the hearing, following all testimony, plaintiff also attempted to enter into evidence an affidavit from the mediator's secretary, in which she stated that she mailed a letter to defendant's Fourth Street address, it was never returned to them, and that defendant contacted her and provided her with the post office box address. Defendant objected based upon relevancy and hearsay grounds. However, as with the previous information, defendant testified, without objection, that he spoke with the mediator's secretary and that he gave her the post office box address. Thus, defendant's objection to this information was also waived, and the trial court properly denied defendant's objection.

Therefore, we hold plaintiff properly complied with the statutory requirements for service of process. As there is no evidence that the trial court's discretionary denial of defendant's motion is manifestly unsupported by reason, the trial court committed no error in refusing to set aside the orders granting entry of default and default judgment.

Affirmed.

Judges HUNTER and TYSON concur.